United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 05-10961
Summary Calendar
_____

MARY BELL,

Plaintiff - Appellant,

versus

BANK OF AMERICA,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas, Dallas
USDC No. 3:03-CV-2650

_____

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[1]

Appellant Mary Bell challenges the district court's grant of summary judgment in favor of Bell's former employer, Bank of America. Bell, an African American, brought suit claiming that Bank of America violated Title VII by discriminating against her because of her race and for retaliating against her for engaging in protected activity. Bell alleges that the district court erred in finding no genuine issue of material fact. Reviewing this summary judgment <u>de novo</u>, respecting the same legal standards that the district court applied, <u>see</u> <u>Lamar</u> <u>Adver. Co. v. Cont'l Cas. Co.</u>,

_____

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

396 F.3d 654, 659 (5th Cir. 2005) (citations omitted),[2] we affirm for the reasons stated below.

I

Bell was employed by Bank of America in the Community Development Financial Institution Department (CDFI) as an investment administrator. Bank of America employed two investment administrators -- Bell, and Janice Barnhart, a Caucasian, both in the Dallas office. Both Bell and Barnhart reported to Larry West, who then reported to Mary Schultz.

In 2003 Bank of America went through a restructuring, part of which involved moving the CDFI into a different department of the Bank. As a part of this restructuring Bell and Barnhart both received notice from the Bank on October 2, 2003 that the position of investment administrator in Dallas was being eliminated and that their employment would be terminated.[3]

II

Bell raises a claim of discrimination based on several incidents she alleges were racially motivated.[4] For the following

---

[2] Bell incorrectly asserts that this court should review the district court's summary judgment for an abuse of discretion.

[3] The Bank now has two senior investment administrator positions. Those positions are located in Sarasota, Florida with West and Schultz.

[4] Although these incidents are difficult to decipher from Bell's appellate brief, it appears that Bell is raising the same incidents she relied on below, specifically that the Bank: 1) denied her a merit pay increase for 2002; 2) provided Barnhart assistance with data input two weeks before providing it to Bell;

reasons the district court correctly found that the plaintiff has failed to present the required evidence to survive a summary judgment on her claim of discrimination:

A

With the exception of the failure to give a merit pay increase in 2002, Bell's alleged incidents of discrimination do not relate to "ultimate employment decisions" such as hiring, granting leave, discharging, promoting, and compensating her. Consequently, because Title VII requires the racial discrimination to result in an "ultimate employment decision," Bell's discrimination claim fails as to these incidents. Dollis v. Rubin, 77 F.3d 777, 781-82 (5th Cir. 1995).

---

3) gave Bell unreasonable deadlines, specifically by asking her to get a cashier's check by February 5, 2003, and giving her short notice of a closing; 4) failed to give necessary information to Bell directly, but rather required her to get it from Barnhart; 5) placed a written warning in her personnel file on March 7, 2003; 6) failed to give her necessary internet passwords around March 31, 2003; 7) placed a customer complaint in her personnel file; 8) failed to inform her about updates in the Bank's computer system; and 9) failed to give her as many "reward points" as she deserved, while giving Barnhart more reward points than Bell thought Barnhart deserved.

To the extent Bell relies on any additional evidence not presented below, we are barred from considering it as it was not before the district court. DeBardelenben v. Cummings, 453 F.2d 320, 325 (5th Cir. 1972) ("Where the moving papers do not reveal the presence of a factual controversy on a material issue, the adversary cannot . . . assert . . . on appeal as grounds for reversal a purported factual disagreement never before revealed.").

3

As to the merit pay increase in 2002, Bell failed to produce credible evidence demonstrating that she was qualified for the merit pay increase. Although Bell put forth evidence attempting to show that West favored Barnhart over Bell, there was no evidence to connect these alleged actions to the Bank's decision denying Bell the 2002 merit pay increase.[5] Consequently, Bell's claim that she 1) was a member of the protected class, 2) sought the pay increase, and 3) she did not receive the requested pay increase fails to create a prima facie case of discrimination as she has failed to demonstrate that she was qualified to receive the pay increase.[6]

## III

In addition to discrimination, Bell asserts a claim of retaliation alleging that she was terminated in November 2003 as a result of a claim she filed with the EEOC in March 2003. The district court did not err in granting summary judgment for the Bank as to the retaliation claim as Bell has neither demonstrated

---

[5] Further, there is no evidence that even assuming West treated Barnhart preferentially that he did so based on Bell's race. In fact Bell herself argues that the driving force for this alleged disparity in treatment was West's jealousy of Bell -- not racial animus.

[6] The record indicates that the merit pay was denied due to Bell's poor performance. Thus, Bank of America has a legitimate non-discriminatory reason for denying the pay. Bell's attempt to create a fact issue as to the Bank's non-discriminatory reason by arguing that West, her supervisor, was jealous of Bell and thus essentially sabotaged her performance reviews, does not create a fact question that would survive summary judgment.

a prima facie case, nor a fact issue as to the Bank's legitimate non-discriminatory reason.

A

To succeed on her claim of retaliation Bell must first present evidence establishing a prima facie case -- she has failed to do so. Specifically, Bell has not, and cannot demonstrate that she was terminated because of the EEOC claim she filed. Bell contends that the fact that her termination came seven months after her EEOC claim provides evidence of the causal connection. Mere timing alone is insufficient in this instance to satisfy the causation element of the prima facie case.

B

Even were a prima facie case established, Bell has failed to adequately refute the Bank's legitimate non-discriminatory reason for its actions. Bank of America contends that it eliminated Bell and Barnhart's positions due to restructuring in the corporation. See E.E.O.C. v. Tex. Instruments, Inc., 100 F.3d. 1173, 1181 (5th Cir. 1996) (recognizing that an employer's decision to eliminate a position is a legitimate non-discriminatory reason for terminating a position or employee). Thus it falls to Bell to demonstrate that this reason is either 1) false, or 2) that the Bank was motivated by retaliation in addition to restructuring. As demonstrated by the following, Bell has done neither:

1. Bell's argument relating to her failure to be terminated for perceived poor performance, although not totally understood, is

5

insufficient to create a fact issue surviving summary judgment as performance, whether good or bad, does not demonstrate that the Bank's articulated reason (restructuring) was false.[7]

2. Bell contends that the newly created positions in Florida are not, as the Bank argues, at a "higher level" than the position she held in Dallas. Yet, by Bell's own admission the Bank eliminated all of the investment administrator positions in Dallas. The new positions, at whatever level, exist in the location of Bell's former supervisors West and Schultz. The fact that the position was totally eliminated in one location and moved to another supports the Bank's articulated reason for Bell's termination.

3. Bell argues that the 30-day delay between the actual date the CDFI was moved to the new department and the date of her termination indicates that she was terminated for reasons other than the restructuring. We are not persuaded by this argument. Corporate restructuring can be complicated and stretch out over long periods of time. A thirty-day period is certainly not a delay that would arouse suspicion of the Bank's purpose in terminating Bell.

---

[7] From our reading it appears that Bell is contending that Bank of America falsely labeled her as an under- or poor performer. Bell seems to be arguing that if the Bank truly believed this rating it would have, under its policy, terminated her employment on the grounds of performance.

4.     Finally, Bell questions the appropriateness of the Bank's business reasons for restructuring.  However, the law is clear that "discrimination laws [are not] vehicles for judicial second-guessing of business decisions."  Walton v. Bisco Indus., Inc., 119 F.3d 368, 372 (5th Cir. 1997).  Further, Bell has presented no evidence that the restructuring was in fact motivated by racial discrimination.  See Armendariz v. Pinkerton Tobacco Co., 58 F.3d 144, 151 n.7 (5th Cir. 1995) (holding that establishing the employer's reason as misguided is insufficient; rather "the employee at all times has the burden of proving . . . that those reasons were a pretext for unlawful discrimination"); see also Deines v. Tex. Dept. of Protective and Regulatory Servs., 164 F.3d 277, 278 (5th Cir. 1999) ("Whether an employer's decision was the correct one, or the fair one, or the best one is not a question within the jury's province to decide.  The single issue for the trier of fact is whether the employer's [action] was motivated by discrimination.").    Consequently, without evidence of discrimination, we decline to probe the business judgment of the Bank.

IV

For these reasons we find that there is an absence of any genuine issue of material fact.  Thus, the judgment of the district court is

AFFIRMED.

7