# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2011

No. 10-11093
Summary Calendar

Lyle W. Cayce
Clerk

SNAPT INC., a Florida Corporation,

Plaintiff–Appellant,

v.

ELLIPSE COMMUNICATIONS INC.; ELLIPSE COMMUNICATIONS I LP,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-661

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Snapt, Inc. filed suit against Ellipse Communications, Inc. and later joined Ellipse Communications I, L.P. (together, Ellipse). Snapt's amended complaint alleged that it suffered injury as a result of Ellipse's unfair competition. The United States District Court for the Northern District of Texas dismissed some of Snapt's causes of action and subsequently granted summary judgment on the remaining claim. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-11093

**I**

Snapt filed suit against Ellipse, asserting the following causes of action in its amended complaint: "Texas Common Law Conversion, Texas Common Law Unfair Competition, Texas Competition and Trade Practices Common Law, Infringement of the Texas Harmful Access by Computer Statute, Federal Common Law Unfair Competition, Federal Lanham Act Violation, Federal Antitrust Violation, [and] Federal Copyright Violation." The relevant facts in the amended complaint are contained in a single paragraph stating that Ellipse "converted the proprietary Snapt computer software" by the process known as "hacking" and that Snapt's metadata was then redirected to Ellipse by a process termed "scraping." This was alleged to have occurred "beginning in 2005 and continuing through mid-2008."

Ellipse moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6). Snapt responded with a four-page brief in opposition, terming Ellipse's motion "generic" and arguing that it had met its requirement of "only plead[ing] a short plain statement of the claim." It did not address the challenged causes of action individually. The court granted the motion in part, excluding only successor liability with respect to Ellipse Communications I, L.P. and the claim under the Texas Harmful Access by Computer Statute. In denying Ellipse's motion in part, the court observed that "the Amended Complaint is not clearly drafted, and Plaintiff's response to Defendants' motion is unhelpful." With respect to the Texas Harmful Access by Computer Statute, the court read Ellipse's motion as having alleged a lack of evidence. Therefore, the court directed Ellipse to file a summary judgment motion on the point.

Accordingly, Ellipse moved for summary judgment on the remaining claim. Snapt filed a brief opposing summary judgment, attaching as evidence a district

2

court opinion in another case, the declaration of Keith Caven, the declaration of Nate Jones, compact discs (CDs), which Snapt contends contain logs evincing "scraping" and "hacking," and two emails. One email is purportedly from an Ellipse address, and Snapt asserts that the email demonstrates Ellipse's earlier interest in acquiring Snapt. The other attached email is an invitation from a third company, never mentioning Snapt, for Ellipse to "scrape" information from the third company's "associated website[s] to use for developing new websites."

Snapt had previously designated Caven and Jones as "mixed fact/expert witness[es]." At that time, Ellipse filed a motion to strike Snapt's designation of Caven and Jones as experts, arguing that their qualifications had not been demonstrated. After Snapt filed its summary judgment response brief, Ellipse filed a motion to strike Snapt's summary judgment evidence, again noting the lack of information to qualify Caven and Jones as experts. The Caven declaration offered no information regarding Caven's expertise. It stated that Caven owned Snapt, and that Orin Olson—whose title and qualifications were not provided in the declaration—told him that Snapt's servers "were compromised." It then stated that Caven directed Nate Jones to research the issue. Caven stated that he learned at mediation in another case involving the parties that Ellipse had acquired Snapt's server password. Caven also stated, "From our research, which was conducted by Nate Jones . . . I have been able to determine from at least as early as June 12, 2008 that Ellipse converted the proprietary Snapt computer software."

The Jones declaration identified Jones as a Snapt independent contractor with "over 12 years experience developing software at all levels." Jones declared that "[d]uring the research I conducted for Snapt since June of 2008, I discovered that Ellipse Communications I, L.P. formerly known as Ellipse Communications, Inc. ('Ellipse') accessed Snapt's secured servers and extracted and transferred over 7,000 pieces of proprietary and protected intellectual property." Jones did

No. 10-11093

not indicate the methodology involved in his research. Ellipse argued, in its motion to strike Snapt's summary judgment evidence, that the evidence was inadmissible as unqualified expert testimony and hearsay.

As a result, Snapt filed a motion for leave to supplement its response to summary judgment and its summary judgment evidence. It declared that it sought to clarify issues raised by Ellipse's "hyper technical motion to strike." Snapt also opposed the motion to strike, arguing that it was "Ellipse's plan to ignore the plain meaning of these declarations, and focus[] on irrelevant hyper technical issues." The court determined that the relevant information in the Caven declaration constituted inadmissible hearsay and that the Jones declaration was inadmissible as the expert testimony of one without demonstrated expertise in hacking. The court denied the motion for leave, observing that Snapt had notice of Ellipse's objections to its witnesses given the earlier filed motions. Moreover, the court noted that the motion did not indicate the manner in which Snapt would cure these defects if provided additional time. Therefore, as it concluded that Snapt lacked admissible evidence with which to oppose summary judgment, the court granted summary judgment to Ellipse. Alternatively, the district court concluded that Snapt failed to provide proof of allegations falling within the time period covered in the amended complaint, and thus Ellipse was entitled to summary judgment on that ground as well.

## II

We have jurisdiction over a properly filed appeal of a final decision of the district court.[1] That said, Snapt contends on appeal that the district court lost subject matter jurisdiction over the case after it granted Ellipse's motion to

---

[1] 28 U.S.C. § 1291.

4

No. 10-11093

dismiss with respect to the included federal causes of action. We review the decision to retain jurisdiction over pendent state claims for abuse of discretion.[2]

Under 28 U.S.C. § 1367(c)(3), the district court "may" decline to exercise supplemental jurisdiction when all the claims over which it had original jurisdiction have been dismissed. We look to statutory factors—whether the claim raises a novel or complex issue of state law, whether the state law claim predominates, whether the district court has dismissed all of the claims over which it had original jurisdiction, and, in exceptional circumstances, whether there are other compelling reasons for declining jurisdiction—as well as common law considerations—judicial economy, convenience, fairness, and comity—in reviewing a district court's decision.[3] In *Mendoza v. Murphy*, we said that "no single factor is dispositive" in this supplemental jurisdiction inquiry.[4] Indeed, in that case we held that, though no claims of original jurisdiction remained, the district court did not abuse its discretion in exercising jurisdiction. This was so because the claims in the case "were neither novel nor complex," and, as relevant to the "common-law factors of judicial economy, convenience, fairness, and comity," the claims were well-known to the district court and were ripe for disposition on summary judgment.[5] In the instant case the district court noted the potential ripeness of a summary judgment motion on the remaining state law claim in its dismissal order, and the common-law factors similarly provided support for retaining jurisdiction given, for instance, the familiarity of the

---

[2] *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992).

[3] *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (citing *McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998), *overruled on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433 (5th Cir. 2003)).

[4] *Id.* (citing *Parker & Parsley Petroleum Co.*, 972 F.2d at 587).

[5] *Id.* at 346–47.

No. 10-11093

district court with the ambiguous pleadings. Therefore, the district court did not abuse its discretion in exercising jurisdiction over the remaining state law claim.

**III**

Snapt next contends that the district court improperly dismissed its Texas common law unfair competition cause of action for failure to state a claim. The district court held that unfair competition under the Texas common law requires an independent tort that interfered with Snapt's ability to conduct its business, citing *Taylor Publishing Co. v. Jostens, Inc.*[6] In fact, Ellipse had relied on *Taylor Publishing Co.* in its motion to the district court. In its short brief in opposition to the motion to dismiss, Snapt did not address this case, neither attempting to distinguish it nor indicating the independent tort it believed it had pled. Instead, it argued only that "[p]ursuant to the controlling case law and the standard for FRCP Rule 12(b)6 [sic], Plaintiff need only plead a short plain statement of the claim showing that the Plaintiff is entitled to relief under Rule 8."

On appeal, Snapt does not renew its earlier argument regarding pleading standards. Instead, it argues, for the first time, that unfair competition includes an independent tort under Texas law and, alternatively, that its cause of action under the Texas Harmful Access by Computer Statute—which was addressed after the motion to dismiss on summary judgment—served as an underlying tort. Snapt appears to contend that the result of *United States Sporting Products, Inc. v. Johnny Stewart Game Calls, Inc.*[7] alters our rule enunciated in *Taylor Publishing Co.* The proper time to advance such an argument was before the district court. As we have said, "In the absence of exceptional circumstances which would result in a miscarriage of justice . . . questions not presented to the

---

[6] 216 F.3d 465, 486 (5th Cir. 2000).

[7] 865 S.W.2d 214 (Tex. App.–Waco 1993, writ denied).

6

trial court will not be considered on appeal."[8] No such exceptional circumstances are present here.

Alternatively, we observe that *Taylor Publishing Co.* not only postdates, but also included a citation to, *United States Sporting Products, Inc.*[9] As a result, Snapt's contention that *United States Sporting Products, Inc.* alters our holding in *Taylor Publishing Co.* that a Texas unfair competition claim requires an independent tort is unavailing.[10] Moreover, we note that Snapt's alternative argument relies upon the viability of its claim dismissed on summary judgment, the grant of which we affirm in the following section.[11]

## IV

Snapt also challenges the district court's grant of summary judgment to Ellipse and the court's related evidentiary rulings. Snapt argues that the Caven and Jones declarations are admissible evidence, and that these support Snapt's claim under the Texas Harmful Access by Computer Statute. Snapt asserts that the declarations provide an explanation of the data it seeks to admit—"logs from Rackspace that evidence this 'scraping' and 'hacking' by Ellipse."

First, we observe that the district court held that Snapt failed to allege computer malfeasance within the time period provided in the complaint. As a result, the court held that there was an alternative ground on which its summary judgment rested. Snapt has not contested this on appeal, and this

---

[8] *C.F. Dahlberg & Co. v. Chevron U.S.A., Inc.*, 836 F.2d 915, 920 (5th Cir. 1988).

[9] *Taylor Publ'g Co.*, 216 F.3d at 486 (citing *U.S. Sporting Prods., Inc.*, 865 S.W.2d at 217).

[10] *Teague v. City of Flower Mound, Tex.*,179 F.3d 377, 383 (5th Cir. 1999) ("the rule of orderliness forbids one of our panels from overruling a prior panel").

[11] *See infra* Part IV.

constitutes waiver.[12]  Thus, we could affirm the grant of summary judgment on this ground alone.

Alternatively, Snapt has failed to point to evidence indicating an issue of material fact necessitating a reversal of the grant of summary judgment.[13]  To support its claim under the Texas Harmful Access by Computer Statute, Snapt relies on its repeated statement that the Caven and Jones declarations constitute the personal knowledge of Caven and the "mixed fact/expert" testimony of Jones, respectively.  That said, Federal Rule of Evidence 702 permits expert testimony only by:

> a witness qualified as an expert by knowledge, skill, experience, training, or education . . . if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

We review an order striking expert witness affidavits for an abuse of discretion, and have noted the "broad discretion afforded to district courts in ruling on the admissibility of expert testimony in the summary judgment context."[14]  The district court struck the Caven affidavit's statements regarding the information given to him by Orin Olson, as the affidavit failed to provide either Olson's methodology for providing information about hacking or information identifying Olson.  Given the lack of information to qualify Caven or Olson as an expert, the affidavit's exclusion was not an abuse of discretion.[15]  Alternatively, the court also correctly noted that to the extent the Olson statements were offered to prove the truth of the matter asserted, they

---

[12] *United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000).

[13] *Hinojosa v. Butler*, 547 F.3d 285, 297 (5th Cir. 2008).

[14] *Mayfield v. Tex. Dep't of Criminal Justice*, 529 F.3d 599, 606 (5th Cir. 2008) (citing *Boyd v. State Farm Ins. Cos.*, 158 F.3d 326, 331 (5th Cir. 1998)).

[15] *Id.*

constitute hearsay.[16]  As we have said, "Neither the district court nor this court may properly consider hearsay evidence in affidavits . . . ."[17]  Similarly, the district court struck as hearsay Caven's statement alleging, without providing a source, that "it was learned" at mediation that Ellipse had acquired a password to Snapt's servers.  Again, the district court cannot consider hearsay in affidavits.[18]  The district court also struck the Caven declaration's discussion of Jones's research and Caven's inferences drawn from it.  It observed that no explanation was provided for the methodology underlying the research or Caven's inferences.  Indeed, the affidavit is devoid of any explanation of how Caven or Jones came to the relevant conclusions.  Thus, the district court did not abuse its discretion in striking those elements of the Caven declaration.[19]

The district court struck the Jones declaration for failure to provide qualifications that demonstrate Jones's expertise or the methods by which he reached his conclusion.  Jones offered conclusory statements accusing Snapt of computer malfeasance, but offered no explanation of the methods he used to discover this malfeasance.  Instead, he stated only that these bad acts were uncovered "[d]uring the research" he conducted.  Striking these statements was not an abuse of discretion.[20]  Similarly unavailing is Snapt's contention on appeal that the district court abused its discretion by concluding that Jones's twelve years of "experience developing software" was insufficient to provide a basis for testimony regarding hacking.  The district court possesses "broad

---

[16] FED. R. EVID. 801(c).

[17] *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam).

[18] *Id.*

[19] *Mayfield*, 529 F.3d at 606.

[20] *Id.*

discretion" in such matters,[21] and it is not apparent that an individual with expertise in general software development *ipso facto* possesses expertise in hacking and scraping.

We consider the denial of Snapt's motion for leave to supplement its summary judgment evidence for an abuse of discretion.[22] This short motion contended that Ellipse had raised "hyper technical" issues in its motion to strike, and sought leave to "clear up any misunderstandings." It did not offer an explanation for its failure to comply, nor did it include any indication of what new evidence would be added by amendment. The district court denied the motion for leave, observing that the rules violated were not novel, that Snapt had failed to explain how it would remedy these defects if leave was granted, and that Snapt was on notice of these challenges, as Ellipse had raised them earlier in the proceedings. Indeed, the court had previously chided Snapt for a lack of diligence in presenting its pleadings. The district court did not abuse its discretion in denying Snapt leave to amend.

Insofar as Snapt contends on appeal that the CDs provide evidence to defeat summary judgment, that argument is unavailing. Even assuming, *arguendo*, that these CDs contain evidence indicating computer malfeasance, the CDs constitute inadmissible hearsay.[23] Indeed, Ellipse objected on this ground during the proceedings below. While a data compilation produced in the "course of a regularly conducted business activity" can fall under an exception to the hearsay rule, this requires testimony of a custodian or other qualified witness, or certification.[24] Here no supporting testimony was provided from Rackspace

---

[21] *Id.*

[22] *Farina v. Mission Inv. Trust*, 615 F.2d 1068, 1076 (5th Cir. 1980).

[23] FED. R. EVID. 801(c).

[24] FED. R. EVID. 803(6).

No. 10-11093

indicating the accuracy of the data.[25]  The CDs also fail to comply with the self-authentication rule.[26]

The remaining evidence attached to Snapt's brief in response to the summary judgment motion is insufficient to defeat summary judgment.  The email from an Ellipse address expressing an interest in acquiring "WebRentPro" does not, standing alone, indicate that Ellipse violated the Texas Harmful Access by Computer Statute.  The remaining email from a third party offering to allow Ellipse to scrape the websites of seemingly unconnected companies similarly does not indicate a violation of the instant statute.  Thus, the motion for summary judgment was properly granted.

\*          \*          \*

We AFFIRM.

---

[25] *See Capital Marine Supply, Inc. v. M/V Roland Thomas, II*, 719 F.2d 104, 105–06 (5th Cir. 1983).

[26] FED. R. EVID. 902(11).

11