Bryce BROWN, Plaintiff,

v.

AT & T SERVICES INC., Defendant.

Civil Action No. H–16–169

United States District Court, S.D. Texas, Houston Division.

Signed February 15, 2017

Chukwudi Ifeangy Egbuono, Attorney at Law, Houston, TX, for Plaintiff.

Shana Johnson Clark, Norton Rose Fulbright LLP, Houston, TX, for Defendant.

## ORDER

DAVID HITTNER, United States District Judge

Pending before the Court are Defendant AT & T Services Inc.'s Motion for Summary Judgment and Defendant AT & T Services Inc.'s Motion to Strike Portions of Plaintiff's Summary Judgment Evidence. Having considered the motions, submissions, and applicable law, the Court determines the motions should be granted.

## I. BACKGROUND

This is an employment discrimination case. Plaintiff Bryce Brown ("Brown"), had previously been employed by, and sought re-employment with, Defendant AT & T Services Inc. ("AT & T"). In September 2010, Brown was originally employed by AT & T as a retail sales consultant. Brown's initial employment was terminated on November 14, 2011. Brown filed a grievance with the Communication Workers of America union ("CWA"), of which he was a member, alleging his termination was the result of racial discrimination in violation of the collective bargaining agreement. AT & T alleges Brown's termination was for violating the Code of Business Conduct. On May 13, 2014, Brown entered into a confidential settlement with AT & T to resolve the claims. Brown agreed to release AT & T from any claims involving conduct related to his employment that occurred prior to May 13, 2014. In exchange, AT & T agreed to pay Brown a sum of money and make Brown eligible for re-hire.

Brown applied for numerous positions with AT & T beginning in 2014 and when he was not re-hired he contacted the CWA. Following an investigation, AT & T determined Brown was not marked as eligible for rehire because he was listing his last date of employment as May 13, 2014, the date settlement was reached, rather than November 14, 2011, the actual last date of employment. AT & T's policy is that, barring special circumstances, former employ-

ees must be separated from the company for over six months to be eligible for re-hire. Brown's status was updated to reflect he was eligible for active consideration.

On November 25, 2014, Staffing Manager Delores Aguilar–Fernandez ("Aguilar–Fernandez") called Brown to extend a conditional employment offer as a retail sales consultant in Cypress, Texas. Brown accepted the offer. During that call, Brown alleges he informed Aguilar–Fernandez of his prior grievance against AT & T for racial discrimination and his recent change in employment eligibility status. Aguilar–Fernandez alleges during that call she informed Brown that his employment offer was contingent upon completion of a background check and drug screen through HireRight, a third-party vendor. Brown was allegedly informed the verification generally must be completed within twenty-four hours of acceptance of an offer and the drug screen within forty-eight hours. However, due to the Thanksgiving holidays, Aguilar–Fernandez extended that time period to one week to complete the tasks. Aguilar–Fernandez then sent Brown a series of emails, which included the written offer and instructions for completing the tasks through HireRight. The offer letter stated the offer was contingent upon completion of these tasks.

On December 4, 2014, nine days after the offer's extension, Aguilar–Fernandez called Brown to inform him he had not completed the background check and drug screen. She alleges Brown was informed failure to complete the background check within twenty-four hours and the drug screen within forty-eight hours would result in withdrawal of the offer. Brown alleges that on that date he called and emailed Aguilar–Fernandez to inform her he had completed the application process. Aguilar–Fernandez alleges on December 5, 2014, she called Brown and emailed him to rescind the offer after the HireRight system showed he had not completed the background check within the allotted twenty-four hours.

Brown subsequently, through the CWA, filed a charge with the National Labor Relations Board ("NLRB") alleging his job offer was revoked in retaliation for his previously filed grievance. The NLRB dismissed the charge. The CWA filed an appeal to the Office of General Counsel that was denied. The basis for the rulings in the administrative process was that Brown did not begin the screening process through HireRight within twenty-four hours as instructed. Then, on June 4, 2015, Brown filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") alleging claims of discrimination and retaliation. The EEOC dismissed the charge. Brown filed this suit on January 20, 2016, alleging claims pursuant to (1) the National Labor Relations Act ("NLRA"); (2) Title VII and 42 U.S.C. § 1981 for discrimination and retaliation as to his 2011 termination; (3) Title VII and § 1981 alleging discrimination in the rescission of his offer; and (4) Title VII and § 1981 for failing to hire him in retaliation for his 2011 grievance with the CWA.

On December 1, 2016, AT & T moved for summary judgment. Brown responded on December 22, 2016. The evidence attached to Brown's response included: (1) A three-page declaration from Brown; (2) a call log that is purported to be Brown's telephone records for November 21, 2014, to December 7, 2014; (3) alleged emails between Brown and Aguilar–Fernandez on December 5, 2014; and (4) screenshots allegedly of an online conversation between Brown and an AT & T service employee. On January 3, 2017, AT & T replied and also moved to strike the exhibits with the telephone records and emails.

**1004**

Brown did not respond to the motion to strike.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Moreover, conclusory allegations unsupported by specific facts will not prevent an award of summary judgment; the plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint. *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 713 (5th Cir. 1994). If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248, 106 S.Ct. 2505. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Furthermore, it is not the function of the court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

## III. LAW & ANALYSIS

### A. Motion to Strike

AT & T moves to strike two exhibits attached to Brown's response to the motion for summary judgement: (1) a call-log that is purported to be Brown's telephone records for November 21, 2014, to December 7, 2014[1]; and (2) alleged emails between Brown and Aguilar–Fernandez on December 5, 2014.[2] AT & T contends that

1. *Plaintiff Bryce Brown's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment,* Exhibit A–1.

2. *Plaintiff Bryce Brown's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment,* Exhibit A–2.

both documents are inadmissible hearsay and the emails were not produced in discovery. Brown did not respond to the motion. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4.

■ On a motion for summary judgment, a non-moving party must provide evidence that meets the admissibility standards at trial. *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012). Parties have a duty to disclose all documents, including electronically stored information, in their possession, custody, or control that may be used to support a claim or defense. Fed. R. Civ. P. 26(a)(1)(A)(ii). Failure to provide information required under Rule 26(a) prohibits a party from using that information to supply evidence on a motion, unless the failure is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Courts may not consider hearsay evidence in affidavits. *See Snapt Inc. v. Ellipse Commc'ns Inc.*, 430 Fed.Appx. 346, 352 (5th Cir. 2011). Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Statements include written assertions. Fed. R. Evid. 801(a). A call log offered to prove the truth of what was allegedly stated on those calls is inadmissible hearsay. *See Mem'l Hosp. Sys. v. John Hancock Mut. Life Ins. Co.*, 952 F.Supp. 449, 452 (S.D. Tex. 1996) (Atlas, J.); *Wish Atlanta, LLC v. Contextlogic, Inc.*, Case No. 4:14-CV-51 (CDL), 2015 WL 7761265, at *11 (M.D. Ga. Dec. 2, 2015) (finding the logs were only admissible to the extent they showed the identified calls were received and the identity of the party making the calls, but not to prove the reason for the calls).

■ Brown did not produce the emails in Exhibit A-2 during discovery. Discovery closed on November 1, 2016.[3] Brown filed his response with the emails attached as supporting evidence on December 22, 2016. Brown was required to disclose the emails during discovery under Rule 26(a) because he used the emails to support his claim. No response was filed asserting there was substantial justification for the non-disclosure during discovery or that this failure was harmless. Therefore, under Rule 37(c)(1), Brown is prohibited from using Exhibit A-2 to support his opposition to the motion for summary judgment.

■ AT & T also objects to Exhibit A-1 as inadmissible hearsay because Brown is offering the call log as evidence he spoke to the individual he called about his application. Brown relies on the call for the purpose of showing he called Aguilar-Fernandez and informed her that he completed the application process.[4] The call logs are therefore an out of court statement offered for the truth of the matter asserted. Brown did not respond to motion to strike and assert that any exception to the hearsay rules applies. Because Brown is relying on the call log to prove the truth of the content of the calls, and not merely to show he made the calls to AT & T and they were received, the call log is inadmissible hearsay. Accordingly, the Court grants AT & T's motion to strike Exhibits A-1 and A-2 to Brown's response in opposition to summary judgment.

*B. Motion for Summary Judgment*

*1. NLRA Claim*

AT & T contends the Court lacks jurisdiction over Brown's NLRA claim. Brown

---

**3.** *Rule 16 Scheduling Order.*

**4.** *Plaintiff Bryce Brown's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment* at 5 ("On December 4,

204, Brown called Agular-Fernandez to inform her that he had completed the requisite application process.").

**1006**

stipulates to dismiss his NLRA claim with prejudice.[5] Accordingly, the Court dismisses Brown's NLRA claim with prejudice.

### 2. Claims Related to Brown's 2011 Termination

▪ AT & T contends any claims related to Brown's 2011 termination were released in the settlement and also time-barred. Brown did not address any argument raised in AT & T's summary judgment motion as to his 2011 termination claims. A "plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). AT & T offered evidence showing that Brown agreed to release any claims related to his 2011 termination in his May 2014 settlement.[6] Brown did not present any contrary evidence. Accordingly, the Court finds Brown abandoned any claims related to his 2011 termination and grants summary judgment for AT & T on those claims.

### 3. Title VII and § 1981 Discrimination Claim

AT & T contends that even if Brown can make a prima facie case of discrimination,[7] under the burden-shifting framework, he cannot show the legitimate, non-discriminatory reason for the revocation of his offer was pretext. Brown contends he can show pretext because he has offered evidence that Aguilar–Fernandez was aware of his race and she failed to investigate the validity of his emails. In response, AT & T contends even if true, those facts merely

refer back to Brown's prima facie case and are insufficient to show pretext.

▪ Section 1981 race discrimination claims are governed by the same evidentiary framework applicable to Title VII employment discrimination claims. *Mason v. United Air Lines, Inc.*, 274 F.3d 314, 318 (5th Cir. 2001). Under the burden-shifting framework, a plaintiff must prove his prima facie failure to hire case by showing that he was: (1) a member of a protected class; (2) applied for an open position; (3) qualified for the position; (4) not selected for the position; and (5) the employer continued to seek applicants for the position or filled the position by someone outside the protected class. *Goswami v. Unocal*, Civil Action No. H-12-2953, 2013 WL 5520107, at *5 (S.D. Tex. Oct. 3, 2013) (Rosenthal, J.). If the prima facie burden is met, the burden then shifts to the defendant to offer a legitimate, non-discriminatory reason to not hire the plaintiff. *Rogers v. Pearland Indep. Sch. Dist.*, 827 F.3d 403, 408 (5th Cir. 2016). The burden then shifts back to the plaintiff to show the reason proffered was pretext for discrimination. *Id.* A "plaintiff must put forth evidence rebutting each of the non-discriminatory reasons the employer articulates." *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001).

▪ The Court assumes—without deciding—that Brown can meet his prima facie burden and turns to whether AT & T has offered a legitimate, nondiscriminatory reason for failing to hire Brown. AT & T has presented evidence that Brown failed to complete the requisite application steps

---

5. *Plaintiff Bryce Brown's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment* at 3 n.1.

6. *Defendant AT & T Services Inc.'s Motion for Summary Judgment*, Exhibit B at 15 (*Brown Deposition*).

7. AT & T also contends Brown cannot meet the first and third prongs to prove a prima facie case, but contends even assuming Brown can do so, he cannot show pretext.

through HireRight. Brown did not complete the background check and drug screen within the initial week timeframe.[8] Nor did Brown complete it within twenty-four hours after Aguilar–Fernandez spoke with him on the phone on December 4, 2014.[9] Brown's offer was contingent upon completion of the drug screen and background check with HireRight.[10] Therefore, the Court finds AT & T has offered a legitimate, nondiscriminatory reason for its rescission of Brown's employment offer.

Brown fails to offer sufficient evidence to show there are any issues of material fact as to whether AT & T's reason was pretext. Brown has not submitted any evidence to the Court that he timely completed the HireRight background check.[11] AT & T has not alleged Brown did not complete AT & T's application paperwork and on-boarding tasks. Instead, AT & T alleged he failed to complete the required tasks with the third-party vendor, HireRight. Brown's only evidence of pretext is that he allegedly told Aguilar–Fernandez his race.[12] However, any knowledge Aguilar–Fernandez had of Brown's race merely goes to his prima facie case and is insufficient to meet Brown's burden to show

pretext. Brown offers no evidence of a racially discriminatory motive in AT & T's failure to hire him. Accordingly, the Court finds Brown has not produced any evidence that would create a question of fact as to whether AT & T's proffered reason for failing to hire him was pretext and grants AT & T summary judgment on the claims.

### 4. Title VII and § 1981 Retaliation Claims

AT & T contends Brown cannot meet his burden to show a prima facie case of retaliation. Brown contends the crux of his 2011 CWA grievance was race discrimination and Aguilar–Fernandez's knowledge of that fact is sufficient to establish a causal link.

 A prima facie case of retaliation under Title VII or § 1981 requires a plaintiff to show: "(1) he engaged in an activity protected by Title VII; (2) he was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014). Mere timing

8. *Defendant AT & T Services Inc.'s Motion for Summary Judgment,* Exhibit D, ¶¶ 3, 4 (*Declaration of Dolores Aguilar–Fernandez*) [hereinafter *Aguilar–Fernandez Declaration*].

9. *Aguilar–Fernandez Declaration, supra* note 8, ¶ 14.

10. *Defendant AT & T Services Inc.'s Motion for Summary Judgment,* Exhibit D–1 at 1 (*Offer Letter*).

11. The Court notes that Brown's Declaration only states he informed Aguilar–Fernandez he "completed the requisite application and on-boarding requirements." *Plaintiff Bryce Brown's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment,* Exhibit A, ¶ 6 (*Declaration of Bryce Brown*) [hereinafter *Brown Declaration*]. However, Brown does not aver in the declaration that he actually completed the requirements, only

that he informed Aguilar–Fernandez that he had. Nor is that statement sufficient in particularity to create a question of fact as to whether he completed the HireRight requirements in addition to AT & T's paperwork and on-boarding requirements on the online portal. Brown produced no evidence to the Court he ever completed the HireRight tasks.

12. *Brown Declaration, supra* note 11, ¶ 5. Brown also contends Aguilar–Fernandez's failure to investigate his emails saying he completed the process evidences pretext. The Court struck the emails because they were not produced in discovery. Even if those emails were in evidence, they would be insufficient to show pretext because Brown has produced no evidence that Aguilar–Fernandez failed to investigate the veracity of the emails.

alone is insufficient to establish a causal connection. *Bell v. Bank of America*, 171 Fed.Appx. 442, 444 (5th Cir. 2006) (holding the fact that a termination occurred seven months after protected activity is insufficient to establish a causal link). If the prima facie burden is met, the defendant must produce a legitimate, non-retaliatory reason for the adverse employment action. *Willis*, 749 F.3d at 318–19. Upon the defendant meeting that burden, the plaintiff must demonstrate the articulated reason is pretextual. *Id.* at 319.

 Even assuming Brown engaged in protected activity when he filed a grievance with the CWA in 2011, he fails to establish a causal link between that activity and the decision to rescind his offer in 2014. Using the date Brown settled his 2011 charge, which was May 13, 2014, there was a period of approximately seven months between that event and the withdrawal of his offer on December 5, 2014. A temporal proximity of seven months is insufficient alone to establish a causal link. Also, assuming Aguilar–Fernandez had knowledge of Browns CWA grievance—which was allegedly for racial discrimination—that is insufficient to establish a causal link in these circumstances.[13] Brown cites *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998), for the proposition that a causal link is established where the evidence shows a decision to terminate was based in part on knowledge of protected activity. However, *Sherrod* is in the context of termination and states a

causal link is shown when an ultimate decision maker has knowledge of protected activity and rubberstamps a termination without independent investigation. *Id.* (stating the person with authority to terminate signed a termination letter written by another employee that referenced the plaintiff's conversations about her EEOC complaints without independently investigating the circumstances of the termination).

Even assuming the standard for an ultimate decision maker who rubberstamps a termination decision by another employee could be imputed to Aguilar–Fernandez in the context of rescinding an offer she extended, there is no evidence she based her decision on any knowledge of Brown's prior grievance. Brown offers no evidence this knowledge caused Aguliar–Fernandez to rescind his offer where she repeatedly extended the deadline for him to complete the HireRight tasks after having that knowledge. Mere knowledge of engagement in protected activity is insufficient to show a causal link; especially where the rescission of the offer occurred at least seven months after the protected activity and the person who rescinded the offer repeatedly extended Brown's opportunities to comply with the application process. Accordingly, the Court finds Brown cannot meet his prima facie burden to prove a causal connection and grants summary judgment for AT & T on the retaliation claims.[14]

---

13. Brown alleges after he accepted his offer he informed Aguilar–Fernandez of his prior grievance for racial discrimination. *Brown Declaration, supra* note 11, ¶ 5.

14. Additionally, even if Brown could prove a prima facie case, AT & T offered a legitimate reason for rescinding the offer. For the same reasons discussed *supra* Part III.B.3, the Court finds Brown has not offered evidence showing there is a question of fact as to

whether that reason was pretext. Even if Aguilar–Fernandez was aware of Brown's prior complaint and the reason for the complaint, that does not create a question of fact as to whether the reason given for rescinding the offer was false. Brown would have to produce evidence showing he actually completed the HireRight documents to show the reason given for rescinding the offer was false.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant AT & T Services Inc.'s Motion for Summary Judgment is **GRANTED.** The Court further

ORDERS that Defendant AT & T Services Inc.'s Motion to Strike Portions of Plaintiff's Summary Judgment Evidence is **GRANTED.**

The Court will issue a separate Final Judgment.