# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 26, 2013

Lyle W. Cayce
Clerk

No. 13-20214
Summary Calendar

MICHAEL E. POLLAK,

Plaintiff–Appellant,

versus

JACOB J. LEW, Secretary of the Treasury of the United States of America,

Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-2550

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This appeal follows from a summary judgment in favor of the government in an employment-discrimination action against the Internal Revenue Service

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20214

("IRS"). Because the plaintiff fails to point to any facts suggesting discriminatory motive on the part of the IRS in terminating his employment, we affirm.

I.

The district court ably recounts the facts, which we briefly summarize. Michael Pollak alleges discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). From November 2007 to June 2009, Pollak's supervisor at the IRS, James Matlock, repeatedly advised Pollak that he had to observe appropriate hygiene before coming to work, or he could face termination. Notwithstanding those warnings, Pollak failed to follow Matlock's instructions and on several occasions was required to miss work to rectify his poor hygiene.

From July 2008 through February 2010, Matlock completed at least four evaluations of Pollak's performance. Although Matlock rated Pollak successful (scoring 3.0/5.0 on the relevant criteria) in the early evaluations, he also noted several deficiencies. By the third evaluation in December 2009, Matlock rated Pollak "minimally successful" in several criteria and assigned Pollak two on-the-job instructors. Still, Pollak apparently failed to improve, and Matlock rated him "unacceptable" on the fourth evaluation and placed him on a sixty-day Performance Improvement Plan ("PIP"). As a result of Pollak's failure to improve, Matlock handed Pollak a twenty-eight-page memorandum detailing work deficiencies, explaining that he had been denied a within-grade pay increase. In November 2010, after Pollak had received another poor performance evaluation, he was terminated.

In March 2008, in response to Matlock's directives on hygiene, Pollak filed an official complaint with the Equal Employment Opportunity Commission (an "EEO complaint"). In July 2009, after receiving a two-day suspension notice for his hygiene, Pollak filed yet another EEO complaint. In March 2010, after being

placed on his PIP, Pollak filed two additional EEO complaints, then in September 2010 filed a fifth EEO complaint following the proposal to terminate his employment. In July 2011, he sued, alleging discrimination on the basis of race (he is white), religion (he is Jewish), and age (he is in his sixties), and of retaliation for engaging in protected activities (filing EEO complaints and testifying at another EEOC proceeding).

In a well-reasoned and thorough opinion, the district court granted summary judgment to the defendants on all claims. With respect to the claim of religious discrimination, the court held that Pollak had pointed to no evidence suggesting his replacements were not Jewish,[1] so he could not make out a *prima facie* case of discrimination. With respect to the race and age claims, the IRS did not challenge Pollak's *prima facie* case, so the court turned to whether the IRS had legitimate, nondiscriminatory reasons for terminating Pollak. The court held, based on the above facts, that the IRS had proffered legitimate reasons. Further, the court held that Pollak had adduced no evidence rebutting those legitimate reasons.[2] Pollak could not point to similarly-situated employees of a different race or younger age that were not terminated for similarly adverse performance evaluations.

Finally, with respect to the retaliation claim, the court found—and the IRS did not dispute—that Pollak had engaged in a protected activity by filing EEO complaints and testifying at a separate EEO hearing on behalf of a former co-worker. The court held, however, that Pollak could not demonstrate a causal link between this protected activity and the adverse employment actions. The court assumed "[o]ut of an abundance of caution" that Pollak could make out a

---

[1] His only evidence was his own belief that if his replacement was Jewish, "I'd probably know about it."

[2] For example, Pollak alleged that Matlock had complained about his "elderly aroma," but Matlock had never used such terms.

No. 13-20214

*prima facie* case, even though five months had elapsed between his protected activity and ultimate termination. Still, Pollak could not point to any competent summary judgment evidence rebutting the legitimate reasons the IRS had offered over the course of three-year period from November 2007 to the day of his termination.[3]

## II.

Pollak argues that he adduced sufficient evidence to raise a genuine issue of material fact for trial. Review of the summary judgment is *de novo*, and this court applies the same standard as did the district court. *Dameware Dev., L.L.C. v. Am. Gen. Life Ins. Co.*, 688 F.3d 203, 206 (5th Cir. 2012). Summary judgment is appropriate when the competent evidence reveals no genuine issue of material fact. *Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 304 (5th Cir. 2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id* (quoting and citing cases). A non-movant cannot survive a motion for summary judgment by pointing just to "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007).

## III.

There is no error in the district court's legal framework for analyzing employment-discrimination cases. Each claim ultimately depends on whether Pollak points to any competent summary-judgment evidence rebutting the legitimate reasons for his termination and any other adverse employment action.

---

[3] Pollak argued that Matlock's complaining about his EEO complaints demonstrated retaliatory motive. The district court found, however, that Matlock's concerns simply reiterated the "nonretaliatory reason for" the IRS conduct, "namely, Plaintiff's deficient work performance."

That is, he must adduce *some* evidence that the IRS's reasons for denying him a pay increase and terminating his employment were pretextual and that race, religion, age, or retaliation was the actual reason.[4] A plaintiff may demonstrate pretext by showing disparate treatment or "by showing that the employer's explanation is false or unworthy of credence." *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).

The district court found no such evidence, and we see none in the record. None of the allegations in Pollak's briefs, moreover, amounts to such evidence.

First, he claims that before his July 6, 2009, EEO filing, he had received good performance evaluations. That is not quite true. He had received 3.0/5.0 in most categories and comments about existing deficiencies. Second, he avers that Matlock "cop[ied] and paste[d]" parts of one evaluation into another. Matlock admitted that mistake, but even so it is not evidence of any race-, age-, or religion-based or retaliatory motive. It is also not evidence that his evaluations are "unworthy of credence," because Matlock explained that Pollak's performance had not changed at all—and if it did, it merely deteriorated, as reflected in later evaluations.

Third, Pollak claims that the on-the-job instructors were assigned "specifically to find and report faults in his performance not to assist him to do his job,

---

[4] The court in *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004) explained the framework for Title VII and ADEA cases:

> Under this . . . modified *McDonnell Douglas* approach[,] the plaintiff must still demonstrate a prima facie case of discrimination; the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff; and, if the defendant meets its burden of production, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motive[s] alternative).

(Internal quotation marks omitted.)

train, or improve." Even *if* true, that is still not evidence of any biased motive. Next, he claims that Matlock's "explanation for denying training to [him] was lame." Even if true, that conclusional allegation does not allege biased motive.

Though Pollak makes several other arguments, the only one that might evince bias is that two Hispanic employees were allowed to attend training seminars that Matlock refused Pollak permission to attend. As the district court found, however, Pollak "has produced no evidence showing that his alleged comparators were similarly situated or were treated more favorably under nearly identical circumstances. Merely identifying other employees [who] [he] believed enjoyed more opportunities is insufficient . . . ." We cannot say that Pollak has pointed to more than "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Hathaway*, 507 F.3d at 319.

The summary judgment is AFFIRMED.