# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30902

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2014

Lyle W. Cayce
Clerk

PENNY M. STEWART,

Plaintiff-Appellant

v.

SODEXO REMOTE SITES PARTNERSHIP,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-2596

Before STEWART, Chief Judge, and WIENER and COSTA, Circuit Judges.

PER CURIAM:*

Defendant-Appellee Sodexo Remote Sites Partnership ("Sodexo") employed Plaintiff-Appellant Penny Stewart ("Stewart") as an executive steward aboard oil rigs it serviced in the Gulf of Mexico. In 2011, Stewart filed the instant suit against Sodexo, alleging that the company had unlawfully retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1981 ("§ 1981"). On summary judgment, the district court held that Stewart failed to make a *prima*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30902

*facie* showing of retaliation under either Title VII or § 1981; accordingly, it dismissed all of Stewart's claims and entered judgment for Sodexo. On appeal, Stewart argues that the district court, in contravention of Federal Rule of Civil Procedure 56, improperly weighed the evidence rather than construing all inferences in her favor as the non-moving party. Stewart requests that we reverse and remand so that her claims may be presented to a jury. Having heard argument from the parties and reviewed the record on appeal, including the parties' briefs, the applicable law, and the district court's summary judgment order, we AFFIRM for the following reasons.

"The legal framework governing [Title VII and § 1981 retaliation] claims is coextensive."[1] To present a *prima facie* case of retaliation under either Title VII or § 1981, an employee must show that: (1) she engaged in an activity protected by Title VII; (2) she was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action.[2] If the employee "succeeds in making a prima facie case, the burden then shifts to the [employer] to proffer a legitimate rationale for the underlying the employment action."[3] "If the [employer] makes this showing, the burden shifts back to the [employee] to demonstrate that the employer's articulated reason for the employment action was a pretext for retaliation."[4]

---

[1] *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014).

[2] *Id.* (citing *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004)).

[3] *Davis*, 383 F.3d at 319.

[4] *Id.*

2

No. 13-30902

We may affirm the district court's judgment based on any grounds supported by the record.[5]  Even if we assume *arguendo* that Stewart made a *prima facie* showing of retaliation under Title VII and § 1981, Sodexo came forward with a legitimate rationale for removing her from the rig.  Specifically, Sodexo adduced evidence that Stewart was insubordinate, had issues with co-workers and managers, and failed to follow Sodexo protocol during her three-year tenure with the company.  Consequently, under our assumption, the burden would shift back to Stewart to show pretext.[6]

"Showing pretext requires a plaintiff to 'produce *substantial* evidence indicating that the proffered legitimate [non-retaliatory] reason is a pretext for [retaliation].' "[7]  A plaintiff may do so by adducing evidence of disparate treatment or "by showing that the employer's explanation is false or unworthy of credence."[8]  Stewart claims that Sodexo's legitimate rationale is unsubstantiated and was manufactured in anticipation of litigation.  She does not, however, identify any actual *evidence* indicating that Sodexo's criticism of her job performance is meritless.  Conclusional allegations and innuendo are insufficient to show pretext.[9]

---

[5] *Palmer ex rel. Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009) (" '[I]t is an elementary proposition, and the supporting cases too numerous to cite, that this court may affirm the district court's judgment on any grounds supported by the record.'" (quoting *United States v. Dunigan*, 555 F.3d 501, 508 n.12 (5th Cir. 2012)).

[6] *Willis*, 749 F.3d at 318 (citing *Davis*, 383 F.3d at 319).

[7] *Id.* (quoting *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)) (emphasis added).

[8] *Pollak v. Lew*, 542 F. App'x 304, 307 (5th Cir. 2013) (quoting *Laxton*, 333 F.3d at 578).

[9] *Compare Willis*, 749 F.3d at 318 ("Willis has proffered summary judgment evidence sufficient to show a genuine dispute of material fact about whether these stated reasons are pretext for an underlying retaliatory motive. Specifically, Willis references an affidavit from Jerome C. Ardoin, Jr. ('Ardoin'), another Cleco employee, in which Ardoin explains that Melancon, Taylor's direct supervisor in the Human Resources department, told him that he

No. 13-30902

Thus, whether we conclude that the district court correctly granted Sodexo's motion for summary judgment because Stewart failed to present a *prima facie* case of retaliation, or we conclude that Stewart failed to come forward with substantial evidence that Sodexo's rationale was pretext, the result is the same: Sodexo must prevail. The district court's judgment is, in all respects, AFFIRMED.

---

was 'very pissed' with Willis for reporting the conversation with Cooper. Moreover, Ardoin's affidavit claims that Melancon stated: 'If we have to find a reason, Ed [Taylor] and I have decided; we are going to terminate that nigger Greg Willis for reporting me and trying to burn my ass.' ") *and Ion v. Chevron USA, Inc.*, 731 F.3d 379, 396 (5th Cir. 2013) ("In summation, Chevron has failed to meet its burden and establish as a matter of law that it would have fired Ion despite its retaliatory motive. Chevron's evidence of Ion's history of attendance and performance-related deficiencies is insufficient to establish that it would have fired Ion because Chevron chose to address those deficiencies with a suspension and a PIP/AIP, and Ogborn testified that Ion would have been reinstated had he come back to work. Chevron's evidence that Ion was faking FMLA leave is also insufficient because of the doubts raised by Chevron's failure to investigate and Melcher's e-mail."), *with Pollak*, 542 F. App'x at 308 ("We cannot say that Pollak has pointed to more than 'conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" (quoting *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).