EMILIO M. GARZA, Circuit Judge:
Gregory Willis (“Willis”), who is an African-American, filed suit against his former employer, Cleco Corporation (“Cleco”), alleging race discrimination and retaliation under Title VII and 42 U.S.C. § 1981. After two rounds of motions, the district court granted summary judgment to Cleco on all of Willis’s claims. On appeal, Willis raises three points of error. First, he argues that his retaliation claims, based on a Disciplinary Warning and being placed on a Work Improvement Plan, should not have been dismissed because he raised a genuine dispute of material fact concerning his supervisor’s retaliatory motive. Second, he asserts that the district court erred in granting summary judgment on his wrongful termination claim because he offered summary judgment evidence tending to show that the stated reasons for his *316 termination were merely pretext for discrimination. Lastly, he contends that the district court should have reconsidered its wrongful termination ruling based on his request, which was couched within a memorandum of law submitted in opposition to Cleco’s second motion for summary judgment. For the following reasons, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings.
I
Willis worked in Cleco’s Human Resources department as a Senior Human Resources Representative. At all times relevant to this appeal, he was supervised by Ed Taylor (“Taylor”), Manager of Human Resources. Taylor reported to John Melancon (“Melancon”), the general Manager of Human Resources. Two years before his eventual termination, Willis reported to senior Cleco officials that he overheard a racially hostile conversation between Robyn Cooper (“Cooper”), a Cle-co employee, and Melancon. Willis was standing outside Cooper’s office when he heard Cooper assert that African-American students at a local historically black college were “dumb” and “lazy,” just like the current African-Americans working for Cleco. According to Willis, Melancon remained silent when he heard Cooper make this statement. Willis claims that reporting this incident created significant retaliatory animus against him, which was the true motivation for a subsequent Disciplinary Warning, being placed on a remedial Work Improvement Plan, and his eventual termination.
Two weeks after reporting Cooper’s statement, Willis sent an email to twenty-four other Cleco employees informing them that another employee’s son had been hospitalized because of an overdose on a large volume of pills. That other employee, James Eli (“Eli”), allegedly informed Taylor that he did not authorize the email and that its dissemination caused him significant distress. Willis, however, claims he sent the message with Eli’s permission. Thereafter, Taylor issued a formal Disciplinary Warning to Willis by placing a letter in his personnel file on April 16, 2007. The letter indicated that the Disciplinary Warning was based on Willis’s mass distribution of a co-worker’s private information, lack of good judgment, and lack of respect for others. Willis claims that these proffered justifications are merely pretext for retaliatory animus resulting from his earlier report.
Several months after the Disciplinary Warning, Willis was placed on a “Work Improvement Plan” by Taylor. Taylor alleges he took this step because Willis’s job performance was inadequate during the first half of 2007. According to Cleco, a Work Improvement Plan is a developmental tool used to assist an employee in meeting performance standards. Willis claims that Work Improvement Plans are essentially punitive, because they factor negatively into an employee’s promotion and salary-increase calculations. Taylor claims his implementation of a Work Improvement Plan for Willis was necessary because Willis made recurring mistakes, missed meetings, and inefficiently managed an important hiring initiative. Willis, on the other hand, claims that he was actually placed on the Work Improvement Plan in retaliation for his earlier reporting of Cooper’s racially hostile statements in conversation with Melancon.
The next year, Willis helped a personal acquaintance, Franklin Sylvia (“Sylvia”), obtain a job with Cleco. Sylvia is biracial. A number of months into his employment, Sylvia called Willis to ask a work-related question. During the call, Sylvia claims that Willis made inappropriate race-based comments. Among other things, Willis al *317 legedly told Sylvia to spend more time with other African-American employees, and to better embrace his racial heritage. Sylvia was already concerned about his job security, and was further disquieted by this conversation. Sylvia reported the remarks to Taylor and other Cleco supervisors. Taylor and Melancon then arranged a meeting with Willis and related Sylvia’s allegations. Willis denied that any conversation took place. However, Sylvia produced cell phone records showing that a call had been placed and that it lasted for thirty-five minutes. Willis accused Sylvia of lying. After additional investigation, Taylor and Melancon credited Sylvia’s version of events, and terminated Willis. The reasons Cleco stated for Willis’s termination were that he engaged in inappropriate behavior during the phone call with Sylvia, that he lied to his supervisors about the call, and that he revealed Sylvia’s allegations to a non-Cleco employee. Willis claims these stated reasons are merely pretextual — that his firing was actually motivated by retaliatory or discriminatory animus.
II
This court reviews a district court’s grant of summary judgment de novo. See Antoine v. First Student, Inc., 713 F.3d 824, 830 (5th Cir.2013). Summary judgment should be granted when the moving party shows that “there is no genuine dispute as to any material fact and the mov-ant is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(a). A genuine dispute of fact exists when evidence is sufficient for a reasonable jury to return a verdict for the non-moving party, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and a fact is material if it “might affect the outcome of the suit.” Id. Summary judgment evidence is viewed in the light most favorable to the non-moving party — here, Willis. See, e.g., First Am. Title Ins. Co. v. Cont’l Cas. Co., 709 F.3d 1170, 1173 (5th Cir.2013).
To satisfy its burden, the party opposing summary judgment is “required to identify specific evidence in the record, and to articulate the ‘precise manner’ in which that evidence supports] their claim.” Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir.1994). This court has regularly reminded litigants that “Rule 56 does not impose upon the district court [or the court of appeals] a duty to sift through the record in search of evidence to support a party’s opposition to summary judgment.” Ragas v. Tenn. Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir.1998). We have further observed that the “premise of the adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them.” Coggin v. Longview Independent School Dist., 337 F.3d 459 (5th Cir.2003) (en banc).
A
Willis’s complaint stated retaliation claims arising under Title VII and § 1981. The legal framework governing these claims is coextensive. See DeCorte v. Jordan, 497 F.3d 433, 437 (5th Cir.2007). “To present a prima facie case of retaliation under either Title VII or § 1981, a plaintiff must show that: (1) he engaged in an activity protected by Title VII; (2) he was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action.” Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 319 (5th Cir.2004). Under Title VII’s familiar burden shifting framework, see, e.g., McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), once the *318 plaintiff presents a prima facie case, the burden shifts to the defendant-employer to “proffer a legitimate rationale for the underlying employment action.” Davis, 383 F.3d at 319. If a legitimate reason is proffered, the burden returns to the plaintiff to demonstrate that “the employer’s articulated reason for the employment action was a pretext for retaliation.” Id. Showing pretext requires a plaintiff to “produce substantial evidence indicating that the proffered legitimate nondiscriminatory reason is a pretext for discrimination.” Laxton v. Gap Inc., 333 F.3d 572, 578 (5th Cir.2003). Finally, in light of Title VII’s “because of’ requirement, the plaintiff must show that the protected activity was the “but for” cause of the retaliation. Long v. Eastfield Coll., 88 F.3d 300, 305, 305 n. 4 (5th Cir.1996).
1
Willis claims that the Disciplinary Warning was issued in retaliation for his reporting of Cooper’s racially hostile statements. Cleco asserts that the warning issued because Willis demonstrated a “lack of good judgment” and a “lack of respect for others” when he sent the mass email disclosing that his co-worker son overdosed on pills.[1] But Willis has proffered summary judgment evidence sufficient to show a genuine dispute of material fact about whether these stated reasons are pretext for an underlying retaliatory motive. Specifically, Willis references an affidavit from Jerome C. Ardoin, Jr. (“Ar-doin”), another Cleco employee, in which Ardoin explains that Melancon, Taylor’s direct supervisor in the Human Resources department, told him that he was “very pissed” with Willis for reporting the conversation with Cooper. Moreover, Ar-doin’s affidavit claims that Melancon stated: “If we have to find a reason, Ed [Taylor] and I have decided; we are going to terminate that nigger Greg Willis for reporting me and trying to burn my ass.”[2]
If credited by a trier of fact, this statement fairly indicates that Taylor, whose direct supervisor is Melancon, issued the Disciplinary Warning because of retaliatory intent — that is, because Willis previously engaged in the protected activity of reporting the racially hostile comments Cooper made in a conversation with Me-lancon. Accordingly, Willis has produced the requisite “evidence indicating that the proffered legitimate nondiscriminatory reason is a pretext for discrimination.” Laxton, 333 F.3d at 578. Because Willis has shown that there is a genuine dispute of material fact that Cleco’s stated reasons were pretextual, the district court erred in granting summary judgment on Willis’s retaliation claim based on the Disciplinary Warning.[3]
*319 2
Willis claims that he was actually-placed on the Work Improvement Plan in retaliation for reporting Cooper’s statements, and that the district court erred in granting summary judgment. This claim is waived because it is inadequately briefed. In United States v. Scroggins, 599 F.3d 433 (5th Cir.2010), we summarized our precedents under Fed. R.App. P. 28:
A party that asserts an argument on appeal, but fails to adequately brief it, is deemed to have waived it. It is not enough to merely mention or allude to a legal theory. We have often stated that a party must ‘press’ its claims. At the very least, this means clearly identifying a theory as a proposed basis for deciding the case — merely intimating an argument is not the same as ‘pressing’ it.- In addition, among other requirements to properly raise an argument, a party must ordinarily identify the relevant legal standards and any Fifth Circuit Cases. We look to an appellant’s initial brief to determine the adequately asserted bases for relief.
Id. at 446^17 (citations and quotations omitted). Willis’s legal argument about the Work Improvement Plan claim is asserted in these two sentences:
A reasonable jury looking at the facts in a light most favorable to Willis could infer that Cleco’s reasons for placing Willis on the Work Improvement Plan were pretextual. Therefore, the court granting Cleco’s Motion for Summary Judgment as to Willis retaliation claims should be reversed.[4]
In this, Willis fails to identify a theory as a proposed basis for deciding the claim, and does not explain, in any perceptible manner, why the facts would allow a reasonable jury to decide in his favor. This claim is inadequately briefed, and we hold that it is waived.[5]
B
Willis also appeals from the district court’s adverse grant of summary judgment on his Title VII wrongful termi *320 nation claim. Wrongful termination claims are also evaluated under the McDonnell Douglas framework. See McCoy v. City of Shreveport, 492 F.3d 551, 556 (5th Cir.2007). To establish a prima fade case, a plaintiff must demonstrate that he, “(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.” Id. Under the fourth prong’s “similarly situated employees” requirement, a plaintiff must show that he was treated less favorably than others “under nearly identical circumstances.” Love v. Kan. City S. Ry., 574 F.3d 253, 259-60 (5th Cir.2009). Once a prima facie case is established, the defendant can offer a non-discriminatory reason for the termination, which may then be rebutted by the plaintiff as pretext. See supra Part II.A.
The district court determined that Willis had not established a prima facie case. Specifically, the court found that Willis did not demonstrate that he was “treated less favorably than other similarly situated employees outside the protected class.” The district court found that Willis did not identify a similarly situated comparator— another employee who was treated differently “under nearly identical circumstances.” The district additionally further concluded that Willis failed to establish that Cleco’s stated nondiscriminatory reason for his termination was pretextual.
On appeal, Willis does not challenge the district court’s holding that he failed to establish a prima facie case — he only challenges the district court’s pretext conclusion. Thus, he has waived appellate review of the district court’s prima facie case determination. See Adams v. Unione Mediterranea Di Sicurta, 364 F.3d 646, 653 (5th Cir.2004) (“Issues not raised or inadequately briefed on appeal are waived.”). Because a plaintiff must establish a prima facie case to prevail on a claim of wrongful termination under Title VII, analysis of the pretext stage cannot change the disposition of this claim.[6]
C
Willis last contends that the district court erred in failing to reconsider its ruling on his wrongful termination claim, following the first summary judgment order. Willis did not formally seek reconsideration by motion. Rather, the request was couched at the end of an eighteen page memorandum of law.[7] Assuming, without deciding, that this was sufficient to raise the issue, we find no merit in his argument. See supra Part II.B. Additionally, contrary to Willis’s several contentions on appeal, nothing in the record shows that the district court provided an unfair “second bite at the apple” to Cleco in allowing a second motion for summary judgment. Rather, the record reflects that all parties were allotted additional, and equal, time for discovery and motions after the ruling on the first motion for summary judgment.
Ill
For the foregoing reasons we REVERSE the district court’s grant of sum *321 mary judgment on Willis’s retaliation claim arising from the April 16, 2007 Disciplinary Warning, AFFIRM the district court’s grant of summary judgment on the remaining retaliation and discrimination claims, and REMAND for further proceedings consistent with this opinion.

. The warning letter specifically states: “Your action demonstrated a lack of good judgment and has harmed a fellow employee who was already under stress. This event demonstrated a lack of respect for the parties involved, a violation of the Cleco Guiding Principles, and undermines the high level of trust that one in your position must maintain.” R. USCA5 3874.

. Declaration of Jerome C. Ardoin, Jr., R. USCA5 4084 (emphasis omitted).

. The record in this case contains numerous depositions and affidavits chronicling Willis's employment with Cleco, the circumstances of his discipline, his eventual termination, and the allegedly racialized nature of the Cleco workplace. However, Willis’s briefs — here and before the district court — -give scant, if not conclusory, attention to the record: citations are minimal, and legal analysis relating facts to the law is largely absent. The party opposing summary judgment must do so by citing to specific evidence in the record. See Ragas, 136 F.3d at 458. That party must further “articulate the precise manner in which that evidence supports" their argument. See Forsyth, 19 F.3d at 1536. Notwithstanding these principles, Judge Dennis’s *319 separate opinion features lengthy discussion of record evidence that, despite its appearance in the summary judgment record, Willis did not properly cite or explain — on appeal or before the district court. However, the district court’s second summary judgment order, which addressed Willis's retaliation claims, shows that the district court was specifically aware of Ardoin's statement. See Memorandum Ruling, Feb. 12, 2013, ECF No. 157, at 12. Thus, even though "Rule 56 does not impose ... a duty to sift through the record in search of evidence to support a party’s opposition to summary judgment,” Ragas, 136 F.3d at 458, the district court actually considered this evidence. Accordingly, our reversal of this claim is based on an argument before the district court.

. Three additional sentences in Willis’s brief provide introductory and factual content for the claim: "On August 15, 2007, Mr. Willis was placed on a Work Improvement Plan. Up until his reporting Melancon, Willis had been a model employee for the HR department. The District Court’s [sic] found that Melancon and Taylor harbored retaliatory/discriminatory animus toward Willis.” The entirety of Willis’s briefing on the Work Improvement Plan claim is contained in this short, conclu-sory paragraph, which does not include any citations to the record or internal references to other sections of his brief.

. In Nichols v. Enterasys Networks, Inc., 495 F.3d 185, 190 (5th Cir.2007), Nichols failed to provide "any evidence or any legal argument beyond bare assertions” showing how a contract term was unconscionable. Id. "Where analysis is so deficient, this court has considered the issue waived for inadequate briefing.” Id. See also Mullins v. TestAmerica, Inc., 564 F.3d 386, 407 (5th Cir.2009) (a single sentence claim that a subrogation clause required payment, without further explanation, justified waiver on grounds of inadequate briefing).

. Judge Dennis’ partial dissent does not account for Willis’s fundamental failure to appeal the district court’s determination that he had not established a prima facie case. As explained above, this is a necessary predicate for success on his wrongful termination claim. The compelling narrative Judge Dennis draws from the record — despite the inadequacy of Willis's appellate arguments — is insufficient to overcome this legal obstacle.

. Willis’s Second Memorandum in Opposition to Cleco’s Second Motion for Summary Judgment.