# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 20, 2014

Lyle W. Cayce
Clerk

No. 14-50119
Summary Calendar

ALETHA WEAVER,

Plaintiff - Appellant

v.

BASIC ENERGY SERVICES, L.P.; BASIC ENERGY SERVICES,
INCORPORATED,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:13-cv-22

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Aletha Weaver sued her former employer, Basic Energy Services, L.P., and its parent corporation Basic Energy Services, Inc.  She claimed wrongful discharge in violation of Title VII of the Civil Rights Act of 1964 and of the Texas Commission on Human Rights Act ("TCHRA"); sexual harassment in violation of Title VII and TCHRA; sex discrimination in violation of Title VII and TCHRA; a violation of the Pregnancy Discrimination Act; and a violation

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50119

of the Equal Pay Act.  The district court granted summary judgment on each claim.  Weaver now appeals.  We AFFIRM.

The district court dismissed Weaver's wrongful discharge claims and sexual harassment claims for failure to exhaust administrative remedies. Weaver had not alleged facts to support those claims in her claims submitted to the Equal Employment Opportunity Commission.[1] *See Pacheco v. Mineta*, 448 F.3d 783, 788-89 (5th Cir. 2006); *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 (Tex. 2010).  The only exhausted claims were those for sex discrimination arising out of Basic Energy's failure to pay Weaver while she was on maternity leave and its failure to raise her pay.  On appeal, Weaver disputes this finding but again relies on events which the district court found were never presented administratively.  Weaver has not shown that the events about which she complains, which allege unequal treatment based on the fact she is a woman, give rise to wrongful discharge claims or sexual harassment claims.  The district court did not err.

The district court next found that Weaver's sex discrimination claims and Pregnancy Discrimination Act claim arising out her 2007 maternity leave were time barred.  Weaver failed to file charges related to these claims with the EEOC within 300 days and the Texas Workforce Commission within 180 days.  *See* 42 U.S.C. § 2000e-5(e)(1).  Weaver argues on appeal the district court erroneously concluded that Basic Energy's statement that it would "make it right" gives rise to a question of fact for trial.  *See Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002).  The district court, however, found no evidence that Basic Energy's statement altered Weaver's actions or understanding of

---

[1] The district court dismissed Weaver's claims against Basic Energy Services, Inc. — the parent company — because it correctly determined Weaver failed to contest its argument that it was not Weaver's employer and therefore not liable for any of her claims.  Weaver does not appeal this dismissal.

her rights; thus, there was no evidence that she was actively misled. *See Ramirez v. City of San Antonio*, 312 F.3d 178, 184 n.6 (5th Cir. 2002). Accordingly, the district court did not err by granting Basic Energy summary judgment on this issue.

Finally, the district court addressed the merits of Weaver's Equal Pay Act claim and sex discrimination claims arising out of her allegations that Basic Energy favored male employees in the form of unequal pay and bonuses. It found that Weaver failed to establish her prima facie case because she did not identify a suitable comparator. Weaver argues that she need not identify a coworker with identical responsibilities in order to present her claim to the jury. Though Weaver is correct that identifying a comparator with *identical* job responsibilities and title is not required, she must identify someone with circumstances "nearly identical" to her own, such that the court can evaluate her claim of unfair treatment. *Willis v. Cleo Corp.*, 749 F.3d 314, 320 (5th Cir. 2014). Here, the male coworker identified by Weaver did not hold the same position, did not have the same job qualifications, and made less than she did. Weaver failed to present evidence of sex discrimination. The district court did not err in dismissing the claims based on unequal pay.

AFFIRMED.