# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30312

DONALD MITCHELL,

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2014

Lyle W. Cayce
Clerk

Plaintiff-Appellant

v.

WEYERHAEUSER NR COMPANY,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:10-CV-1240

Before DAVIS, WIENER, and HAYNES, Circuit Judges.

PER CURIAM:*

Donald Mitchell appeals the district court's entry of summary judgment in favor of Weyerhaeuser NR Company ("Weyerhaeuser") on Mitchell's Title VII and 42 U.S.C. § 1981 retaliation claims. Having carefully considered the pertinent portions of the record in light of the parties' briefs and oral arguments utilizing *de novo* review, we conclude that Mitchell has not demonstrated that the district court reversibly erred in granting summary judgment:

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30312

1. Mitchell did not engage in activity protected by Title VII or § 1981 because the conduct he complained of in an anonymous letter and elsewhere—while inappropriate and offensive—could not reasonably be considered actionable discrimination or conduct that created a hostile work environment. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 349 (5th Cir. 2007) (affirming summary judgment when complaints concerned comments that, while offensive, "could not have reasonably [been] believed [to be an] unlawful employment practice in and of themselves"); *see also Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 332 (5th Cir. 2009) (Title VII is not a "general civility code" (citation and internal quotation marks omitted)).

2. Even assuming for the sake of argument that Mitchell engaged in protected activity, there is no dispute of material fact regarding whether there is a causal link between the protected activity and the adverse act because there is no evidence that Weyerhaeuser management knew Mitchell wrote the anonymous letter.[1] *See Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (holding that a *prima facie* case of retaliation under Title VII and § 1981 requires showing that, *inter alia*, the plaintiff engaged in protected activity and there is a causal link between the protected activity and the adverse employment action).

AFFIRMED.[2]

---

[1] We "may affirm a grant of summary judgment on any grounds supported by the record and presented to the court below." *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008). Mitchell's other claimed acts of protected activity also fail to support a reversal either because they were not protected activity (general complaints about how he was treated) or because there is insufficient competent evidence of a causal link.

[2] Given our holding, we do not reach the issue addressed below and argued by the parties on appeal of whether the "but-for" causation standard mandated by *University of*

---

*Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517 (2013) for Title VII claims applies to § 1981 retaliation claims.