# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30489

GERALD BROWN,

      Plaintiff - Appellant

v.

HOME DEPOT USA, INCORPORATED,

      Defendant - Appellee

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-1470

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

      Plaintiff-Appellant appeals the district court's grant of summary judgment dismissing his employment discrimination claim against the Defendant-Appellee. We affirm.

I.

      Gerald Brown is an African American who worked for Home Depot USA, Inc. (Home Depot) for twenty-five years. On July 4, 2013, Home Depot

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30489

terminated Brown for deficient performance as an assistant store manager at its Marrero, Louisiana location. By the time Home Depot fired Brown, he had accumulated numerous oral and written reprimands for substandard work.

Brown's struggles began eight years before his termination when he failed to attend a mandatory store audit. On October 5, 2009, Home Depot disciplined Brown again because he failed to ensure that associates under his control complied with markdown procedures. Two months later, Home Depot reprimanded Brown when he failed to follow the proper procedure for an absence.

Brown transferred to the Marrero store in 2010, and his deficiencies continued. Brown's 2011 annual evaluation described his poor performance. Although it noted that Brown delegated well and associates considered him approachable, the evaluation stated that he needed improvement in numerous areas including: "Developing Direct Reports" from supervisors, "Managing and Measuring Work" of associates, and "Conflict Management." While it ultimately scored Brown a "Valued Associate," Home Depot explained that eighty percent of employees are ranked as valued. Moreover, there are different levels of Valued Associate, and it could include a "bottom performer."

Brown's mid-year evaluation also described areas that needed improvement. The evaluation stated that Brown "need[s] to be proactive in addressing business needs and trends." Also, the evaluation said that Brown "need[s] to take an active role in the pro desk. . . [and] [d]evelop pro paint business." Finally, the evaluation instructed Brown to "listen to associates and address and coach areas of opportunity."

Brown's 2012 annual evaluation also raised significant concerns about his performance. It described that Brown "lack[s] in the enthusiasm and drive needed for consistent performance in all aspects of the business." Specifically,

the evaluation noted that Brown "has to improve his focus on the big 3 (customer service, instock, [sic] and store appearance)."

In addition to these evaluations, Brown had numerous reprimands at the Marrero store. On July 12, 2011, Home Depot disciplined Brown when he failed to complete a mandatory checklist. On December 22, 2011, it reprimanded Brown for failing to monitor and follow markdown procedures. On April 12, 2012, Home Depot disciplined Brown after his department made a "minimal execution" of "shrink plans" without any "follow up from Gerald Brown." Again, on May 14, 2012, Brown failed to "ensure proper execution of shrink plans" and received a reprimand. Two months later, Home Depot disciplined Brown for failing to report a workplace injury.

Brown was reprimanded again on July 11, 2012 for the failure to follow markdown procedures. Brown received another discipline on January 19, 2013 for failing to follow the attendance policy. His penultimate discipline occurred on February 1, 2013 after Brown could not "speak to the basics of the [contractor] business nor how to utilize report data" with the district management team.

Home Depot issued its termination notice to Brown after a substandard performance on June 25, 2013 during a district business review. The notice explained that Brown had "not improved to an acceptable level of performance for a salaried associate. His lack of engagement continued along with no real sense of urgency or enthusiasm to try to improve to an acceptable level."

Brown filed a charge with the Equal Employment Opportunity Commission (EEOC) and alleged that Home Depot terminated him because of his race. After Brown received a right to sue notice from the EEOC, he filed a complaint in the district court against Home Depot asserting race

No. 15-30489

discrimination in violation of federal and state law.[1] Home Depot filed a motion for summary judgment and argued that Brown had no evidence to create a genuine issue of material fact.

The district court granted Home Depot's motion for summary judgment and dismissed Brown's action. The district court held that Brown could not establish a prima facie case of discrimination because Home Depot did not replace him with a person outside his protected class nor did it treat a similarly situated employee outside his protected class more favorably. Alternatively, the district court determined that Home Depot articulated a non-discriminatory reason to terminate Brown – poor performance. It also found that Brown failed to prove Home Depot's reason was pretext for discrimination because he only disagreed with its belief that he performed inadequately. Brown now appeals.

## II.

We review the district court's grant of summary judgment de novo.[2] Summary judgment requires that the moving party establish that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.[3]

## III.

Brown argues that he created a genuine issue of material fact that Home Depot terminated him based on race discrimination. The *McDonnell Douglas* framework applies to race discrimination claims based on circumstantial evidence.[4] Under *McDonnell Douglas*, the threshold inquiry is whether the

---

[1] Brown asserted causes of action based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and Louisiana Statute § 23:301.

[2] *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015).

[3] *Melton v. Teachers Ins. & Annuity Ass'n of Am.*, 114 F.3d 557, 559 (5th Cir. 1997).

[4] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004).

No. 15-30489

plaintiff can establish a prima facie case of discrimination.[5] If a plaintiff makes out his prima facie case, the burden shifts to the employer to articulate a legitimate non-discriminatory reason for its action.[6] Finally, the burden shifts back to the plaintiff to prove that the articulated reason is pretext for discrimination.[7]

Assuming that Brown established a prima facie case, Home Depot articulated a legitimate non-discriminatory reason for its action. In particular, Home Depot explained that it terminated Brown after a history of poor performance and no improvement in his work. Thus, the burden shifts back to Brown to show that its reason was pretext for discrimination.

Brown argues that Home Depot's articulated reason was pretext for discrimination because it was false or unworthy of credence. A plaintiff may show discriminatory pretext in two ways: (1) evidence of disparate treatment or (2) evidence that the proffered explanation is false or unworthy of credence.[8] Brown argues only that Home Depot's explanation is false.

Brown asserts that Home Depot's reason is false because he did not violate Home Depot policies. However, Home Depot provided substantial documentation that reflected Brown's poor performance. By contrast, Brown only argues that Home Depot incorrectly documented his conduct as violations because his performance actually satisfied company standards.[9] This misses

---

[5] *Willis v. Cleco Corp.*, 749 F.3d 314, 317-18, 320 (5th Cir. 2014).

[6] *Thomas v. Johnson*, 788 F.3d 177, 179 (5th Cir. 2015).

[7] *Id.*

[8] *Id.*

[9] Brown claims that his write up on July 11, 2012 for failing to follow markdown procedures was "officially repudiated." His record citation, though, reveals nothing to support that assertion. Brown also claims that Home Depot's reprimand on January 19, 2013 for attendance violations "was a complete mistake" because he was scheduled for a later shift and did not miss work. However, Brown does not dispute that he sent the store manager a text message explaining that he was sick after he received multiple calls asking why he did not show up for work. Quite simply, if Brown was not on the schedule for that time period, he had no reason to give an excuse for missing work.

the mark; to show pretext for discrimination, it requires more than showing "an incorrect belief that an employee's performance is inadequate."[10]

Additionally, Brown argues that Home Depot failed to communicate its performance concerns to him.[11] Nevertheless, Brown acknowledged that he received numerous write-ups that spanned from 2004 to 2013. Moreover, each reprimand outlined why Home Depot considered his conduct deficient, which gave Brown the chance to modify his work.

Finally, Brown argues that Home Depot's reason is false because he received several performance awards. Even if Brown's awards convinced us that Home Depot inaccurately assessed Brown's performance – which they do not – that alone would be insufficient to support a finding of pretext.[12] Therefore, the district court correctly concluded that Brown failed to demonstrate a genuine issue of material fact that Home Depot's articulated reason was pretext for discrimination.

## IV.

For these reasons, we AFFIRM the judgment of the district court.

---

[10] *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir. 1991).

[11] In particular, Brown asserts that he did not see a write-up for the failure to report a workplace injury, an "action plan" for his final warning, and two "follow ups" on the action plan.

[12] *Cf. Bienkowski v. Am. Airlines, Inc.*, 851 F.2d 1503, 1508 (5th Cir. 1988) ("Even if the trier of fact chose to believe an employee's assessment of his performance rather than the employer's, that choice alone would not lead to a conclusion that the employer's version is. . .pretext[.]").