# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51159
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 16, 2016

Lyle W. Cayce
Clerk

MICHAEL D. RATLIFF,

     Plaintiff - Appellant

v.

ADVISORS ASSET MANAGEMENT, INC.,

     Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CV-153

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

     Plaintiff–Appellant Michael Ratliff worked for Defendant–Appellee Advisors Asset Management, Inc. (AAM) from March 2003 through September 2013, providing investment services and products to AAM's clients. AAM earned commissions from each of its clients trades, and Ratliff's performance at AAM was largely based on the amount of commissions earned from the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

accounts that he serviced. Beginning in 2010, the commissions AAM earned from accounts serviced by Ratliff began to decline. Ratliff, an African-American, alleged that this decline, and his eventual termination, resulted from AAM's disproportionate assignment of client accounts to white employees, as well as its systematic transfer of client accounts from him to white employees.

On February 20, 2014, Ratliff filed suit against AAM, alleging he was terminated in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. AAM moved for summary judgment, and the district court granted AAM's motion. Treating Ratliff's termination claim as encompassing his allegations about the discriminatory assignment and transfer of accounts and assuming that both constituted an adverse employment action, the district court found that Ratliff failed to make out a prima facie case of racial discrimination. As to Ratliff's allegations about the assignment of accounts and his eventual termination, the court found Ratliff failed to show that the comparators he identified were similarly situated to him, particularly with regard to their history of complaints. And as to Ratliff's allegation about the transfer of accounts, the court found Ratliff failed to show that similarly situated white employees did not have accounts transferred from them.[1] The district court, therefore, entered a take-nothing judgment against Ratliff. Ratliff timely appealed.

This court reviews a district court's grant of summary judgment *de novo*. *United States ex. rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 326 (5th Cir. 2011). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

---

[1] The district court also found that Ratliff's allegation regarding a 2009 demotion was time-barred. Ratliff does not challenge that finding on appeal.

judgment as a matter of law." Fed. R. Civ. P. 56(a). "Conclus[ory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). Rather, to defeat a motion for summary judgment, the non-movant must go beyond the pleadings and specifically identify evidence indicating a genuine issue for trial. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

Under the *McDonnell Douglas* framework, a plaintiff seeking to establish a claim of racial discrimination without direct evidence of racial animus must first make out a prima facie case of discrimination.[2] *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512–14 (5th Cir. 2001); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Here, the parties agree this requires Ratliff to demonstrate that (1) he is a member of a protected group; (2) he was qualified for the position at issue; (3) he was subject to an adverse employment action; and (4) he was treated less favorably than a similarly situated employee outside of his protected group under nearly identical circumstances. *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009); *Okoye*, 245 F.3d at 512–14; *see also McDonnell Douglas*, 411 U.S. at 802. The parties also assume that the first three elements of a prima facie case are met and only address the fourth. Thus, like the district court, we only consider that element.[3]

---

[2] Ratliff's racial discrimination claims under Title VII and section 1981 are governed by this same evidentiary framework. *See Byers v. Dallas Morning News*, 209 F.3d 419, 422 n.1 (5th Cir. 2000).

[3] Ratliff asserts on appeal that he does not need to satisfy the elements of the *McDonnell Douglas* framework because there is sufficient evidence to raise an inference of discrimination. Ratliff, however, did not present this argument to the district court. It, therefore, has been waived and is not properly before this court. *See Cent. Sw. Tex. Dev., L.L.C. v. JPMorgan Chase Bank, N.A.,* 780 F.3d 296, 300 (5th Cir. 2015).

No. 15-51159

For Ratliff to establish that he was treated less favorably than a similarly situated employee outside of his protected group under nearly identical circumstances, he must show that differences between his conduct and that of his proffered comparator did not account for the differential treatment they received. *Lee*, 574 F.3d at 260. This requires proof that the proffered comparator shares, among other things, essentially the same discipline or complaint history. *Id.*; *see also Arrington v. Sw. Bell Tel. Co.*, 93 F. App'x 593, 599 (5th Cir. 2004) (per curiam) (unpublished); *Sparks v. L.M. Berry & Co.*, No. 98-60627, 1999 WL 499519, at *4–5 (5th Cir. June 8, 1999) (per curiam) (unpublished).

Relevant to this appeal, Ratliff asserts that AAM treated him less favorably than white employees in two ways.[4] First, citing his deposition testimony, Ratliff asserts that AAM assigned him fewer accounts than it assigned white employees. Ratliff, however, admitted in his deposition that AAM assigned him numerous lucrative accounts and could only identify two white employees who he "believe[d]" had a disproportionately greater number of total accounts than him. Assuming, *arguendo*, that this gap in the total number of accounts was the result of AAM's assignment of accounts, instead of the employees' prospecting efforts, Ratliff failed to demonstrate that the white employees purportedly assigned more accounts than him (or, for that matter, any other employees at AAM) were similarly situated to him in regard to, among other things, history of complaints. Two different clients complained

---

[4] Ratliff also asserts on appeal that AAM treated him less favorably than white employees in a third way—namely, only he was disciplined for conduct in which white employees also engaged. But Ratliff did not present this argument to the district court. Accordingly, it has been waived. *See Cent. Sw. Tex. Dev.*, 780 F.3d at 300. Moreover, Ratliff's assertion is inconsistent with the summary judgment evidence. Ratliff claims, for example, that the warning he received for his role in a "very contentious meeting" was based on his race. Yet, Ratliff testified in his deposition that the warning was *not* based on his race.

about Ratliff's combative style and requested that their accounts be serviced by other employees.  There is no evidence that any other employee at AAM received even one such complaint or request.  Because of this difference in complaint histories, among other differences, we agree with the district court that Ratliff failed to establish a prima facie case of discrimination in regard to AAM's assignment of accounts.  *See Lee*, 574 F.3d at 260; *see also Arrington*, 93 F. App'x at 599; *Sparks*, 1999 WL 499519, at *4–5.

Ratliff next asserts that AAM treated him less favorably than white employees by transferring four of his accounts—from the 80 to 100 accounts he serviced at any given time during his ten-plus years of employment—to other employees.  Of those four accounts, though, two were transferred at the request of the clients, not at the request of anyone at AAM.  Because Ratliff presented no evidence that similarly situated white employees at AAM did not have accounts transferred from them under nearly identical circumstances (or, as discussed above, that any other employees at AAM even had a client make a transfer request), we further agree with the district court that Ratliff failed to establish a prima facie case of discrimination in regard to AAM's transfer of accounts.  *See Lee*, 574 F.3d at 260; *see also Arrington*, 93 F. App'x at 599; *Sparks*, 1999 WL 499519, at *4–5.  The district court, therefore, did not err in granting AAM's motion for summary judgment.

For the foregoing reasons, the judgment of the district court is AFFIRMED.