David L. WILLIAMS, Jr.,
Plaintiff-Appellant

v.

FRANCISCAN MISSIONARIES OF
OUR LADY HEALTH SYSTEM,
INC., Defendant-Appellee

No. 16-30728
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

May 18, 2017

Scott Damon Wilson, Baton Rouge, LA, for Plaintiff-Appellant

Melissa Morse Shirley, Esq., Senior Litigation Attorney, Jerry L. Stovall, Jr., Breazeale, Sachse & Wilson, L.L.P., Baton Rouge, LA, for Defendant-Appellee

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM: *

Williams, an African-American man, worked for Defendant Franciscan Missionaries of Our Lady Health Systems, Inc. ("FMOLHS") before he was terminated on November 26, 2012. He then brought this action in the district court, alleging discrimination under Title VII and retaliation for engaging in a protected activity under 42 U.S.C. § 1981. The district court granted summary judgment for FMOLHS, holding that Williams had failed to make out the prima facie case for either claim. We affirm.

I.

We review a grant of summary judgment *de novo*, applying the same standard as the district court.[1] Summary judgment is appropriate where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law.[2] On summary judgment, a court must view the evidence in the light most favorable to the non-movant and draw all reasonable

---

1. *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016) (citing *U.S. v. Lawrence*, 276 F.3d 193, 195 (5th Cir. 2001)).

2. Fed. R. Civ. P. 56(c).

inferences in the non-movant's favor.[3] To survive summary judgment, the non-movant must supply evidence "such that a reasonable jury could return a verdict for the nonmoving party."[4]

## II.

Williams alleges he was terminated based on his race in violation of Title VII. On a motion for summary judgment, absent direct evidence of discrimination, this Court applies the familiar burden shifting framework:[5]

> To survive summary judgment under *McDonnell Douglas*, the plaintiff must first present evidence of a prima facie case of discrimination. If the plaintiff presents a prima facie case, discrimination is presumed, and the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the underlying employment action. If the employer is able to state a legitimate rationale for its employment action, the inference of discrimination disappears and the plaintiff must present evidence that the employer's proffered reason was mere pretext for racial discrimination.[6]

"Pursuant to this framework, the initial burden rests with the employee to produce evidence that he: (1) is a member of a protected class, (2) was qualified for the position that he held, (3) was subject to an adverse employment action, and (4) was treated less favorably than others similarly situated outside of his protected class."[7]

Williams argues on appeal that the district court erred in requiring him to prove that other, similarly situated employees were not terminated. We find no error here. Williams is correct that a similarly situated employee who was not terminated is not the only way to establish a *prima facie* case of discrimination. He may also show that he was replaced by someone outside of the protected class.[8] Neither his original complaint, his amended complaint, nor his opposition to summary judgment mentions a non-African-American replacement. Rather, his complaint alleged, and he reiterated by reference in his amended complaint, that "the defendant treated Mr. Williams unfavorably as compared to similarly situated Caucasian employees."

The district court properly analyzed his proffered evidence for a similarly situated employee who was "treated more favorably under nearly identical circumstances."[9] The record reveals no such person, and the district court did not err in granting summary judgment for FMOLHS on his discrimination claim.

## III.

Williams also alleges that his termination was retaliatory. Absent direct evidence, "[a] plaintiff establishes a prima

3. *Tolan v. Cotton*, —— U.S. ——, 134 S.Ct. 1861, 1866, 1868, 188 L.Ed.2d 895 (2014).

4. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

5. *Ratliff v. Advisors Asset Mgmt., Inc.*, 660 Fed.Appx. 290, 291 (5th Cir. 2016) (citing *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512-14 (5th Cir. 2001)).

6. *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 317 (5th Cir. 2004).

7. *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422 (5th Cir. 2017) (citing *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004)).

8. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citing *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005)).

9. *Morris v. Town of Independence*, 827 F.3d 396, 401 (5th Cir. 2016) (quoting *Willis v. Cleco Corp.*, 749 F.3d 314, 320 (5th Cir. 2014)).

facie case of retaliation by showing: (1) that she engaged in activity protected by Title VII; (2) that an adverse employment action occurred; and (3) that there was a causal connection between the participation in the protected activity and the adverse employment decision."[10] There is no dispute that Williams' termination constitutes an adverse employment action. For the purposes of summary judgment, the district court assumed there were issues for trial on whether Williams was engaged in a protected activity.

The district court determined that Williams had failed to meet his burden of establishing a genuine dispute that the individuals involved in the decision to terminate him were aware of his complaints of racial discrimination. Our review of the record confirms this conclusion—Williams has provided some evidence that the decision makers were aware that he disputed the bases for his discipline, but Williams has not directed us to any evidence that the decision makers were aware that Williams had complained that he was disciplined on account of his race. The district court did not err in granting summary judgment for FMOLHS on Williams' retaliation claim.

AFFIRMED.

---

10. *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 407-08 (5th Cir. 1999) (citing *Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 41 (5th Cir. 1992)).

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.