# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 26, 2019

No. 19-20153
Summary Calendar

Lyle W. Cayce
Clerk

JOSEPH CHHIM,

      Plaintiff - Appellant

v.

CITY OF HOUSTON; LUNA NELSON, In the Official Capacity,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-1975

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

    Plaintiff Joseph Chhim appeals the district court's grant of summary judgment in favor of the City of Houston (the "City") in his Title VII failure-to-hire employment discrimination and retaliation action. Upon Chhim's rejection from several positions with the City, he alleged discrimination based on his race, color, and national origin. Chhim also alleged retaliation due to

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his filing of numerous complaints against the City with the Equal Employment Opportunity Commission (the "EEOC"). Prior to filing his current action, Chhim was employed by the City in separate capacities at the City's Department of Aviation and Civic Center Department. Chhim was terminated from the latter position.

We review the district court's grant of summary judgment de novo, applying the same standard as the district court. *Rachid v. Jack in The Box, Inc.* 376 F.3d 305, 307 (5th Cir. 2004). Viewing the facts in the light most favorable to the nonmovant, a grant of summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Chhim alleges circumstantial evidence of discrimination and retaliation, which we evaluate using the burden-shifting approach adopted by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802—805 (1973). *See Morris v. Town of Independence*, 827 F.3d 396, 400 (5th Cir. 2016); *see also McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (per curiam). Under the *McDonnell Douglas* test, a plaintiff must initially establish a prima facie case of discrimination. 411 U.S. at 802. To establish a prima facie case of employment discrimination, a plaintiff must show that he: "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." *Morris*, 827 F.3d at 400 (citing *Willis v. Cleco Corp.*, 749 F.3d 314, 319—20 (5th Cir. 2014)). To establish a prima facie case of retaliation, a plaintiff must show that: "(1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse

employment action." *McCoy*, 492 F.3d at 557. If the plaintiff is successful in establishing a prima facie case, the burden shifts to the defendant to proffer a legitimate non-discriminatory or non-retaliatory reason, as applicable, for its failure to hire the plaintiff. If the defendant meets its burden, the plaintiff must provide evidence to rebut the defendant's legitimate non-discriminatory or non-retaliatory reason as mere pretext. *See Morris*, 827 F.3d at 400; s*ee also McCoy*, 492 F.3d at 557.

Viewing the facts in the light most favorable to Chhim, the district court correctly held that Chhim could not establish a prima facie case of discrimination as to at least one of the positions from which he was rejected. In one case, Chhim was unqualified: In his online application for a position that required an applicant have a valid driver's license, Chhim noted that he did not possess one. In another case, a member of his protected racial class (Asian) was hired for a mechanic position for which Chhim had applied, which, at a minimum, negated his racial discrimination claim in relation to that position.

Regarding Chhim's color and national origin discrimination claims relating to the mechanic position, as well as his discrimination claims relating to his rejection from the several other positions at issue, we assume Chhim established prima facie cases and consider whether the City proffered a legitimate and non-discriminatory reason for failing to hire him. Here, the City employee conducting applicant screening did not refer Chhim to her hiring manager because Chhim's application, in conjunction with his employment record, disclosed that he had been previously terminated from the City's employment. Chhim claims that the City's reasoning is pretextual because the screening employee forwarded the applications of eleven other candidates to her hiring manager. As the district court explained, Chhim has not shown that the employee's referral of other candidates to her hiring manager was

pretextual because he has not presented evidence that those candidates' applications also disclosed prior terminations from City employment. We conclude that City's reason for not hiring Chhim is legitimate and non-discriminatory.

Chhim also argues that the City's failure to hire him was in retaliation for the multiple complaints he filed with the EEOC. Assuming that Chhim has established a prima facie showing, we conclude that the City's proffered reason for not hiring Chhim—that he was previously terminated from City's employ— is legitimate and non-retaliatory. Chhim has not offered any evidence to show that the City's choice to reject his employment applications was pretextual, or put differently, that his complaints with the EEOC in any way affected the City's hiring decisions.

Chhim, a *pro se* appellant, has also moved for appointment of counsel. Given our holding that the district court did not err in granting summary judgment in favor of the City, and the lack of an impending oral argument, we see no need to appoint Chhim counsel.

Accordingly, the judgment of the district court is AFFIRMED, and Chhim's request for appointment of counsel is DENIED.

4