# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 1, 2020

Lyle W. Cayce
Clerk

No. 20-20184

Pierce Partners, GP,

*Plaintiff—Appellee*,

*versus*

Marcus Morton,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-335

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Pierce Partners, GP and D'Arbonne Bend, LLC (DBL) signed a promissory note under which Pierce Partners agreed to loan DBL $1 million to finance the theatrical release of a movie. Marcus Morton, DBL's managing member, signed both the note and a Continuing Personal Guaranty of DBL's indebtedness. Both the promissory note and guaranty had choice-of-law and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20184

forum-selection clauses, stating, respectively, that Texas law applied to the contracts, and disputes arising under the contracts would be adjudicated in Texas.

The movie had disappointing box office results, and DBL defaulted on its loan, which triggered Morton's obligation to pay under the guaranty. Pierce Partners demanded Morton's performance, but Morton has yet to make a payment. Per the guaranty's forum-selection clause, Pierce Partners filed this lawsuit in the Southern District of Texas. Pierce Partners moved for summary judgment, and the district court granted the motion.

In between the filing and service of the complaint in this case, DBL filed a declaratory-judgment suit in California state court. *D'arbonne Bend LLC v. Pierce Partners III, LLC*, No. 4:20-CV-589, 2020 WL 6484642 at *1 (S.D. Tex. Nov. 4, 2020) (recounting the California case's procedural history). Pierce Partners removed the case to federal court, and the case was transferred to the Southern District of Texas. *Id.* The district court in that case also granted Pierce Partner's motion for summary judgment.

We review the district court's grant of summary judgment in this case de novo. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014). "Summary judgment should be granted when the moving party shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted).

On appeal, Morton only contests whether the note's interest rate is usurious. He argues that California law, not Texas law, applies because the note does not have a choice-of-law provision, and California has a greater interest in this case. Morton's arguments fail.

First, the note does contain a choice-of-law clause: "[T]he provisions of this Note shall be governed by the laws of the State of Texas." *See also D'arbonne Bend LLC*, 2020 at *2 ("Both the loan agreement and the guaranty

2

No. 20-20184

at issue here provide in multiple clauses that Texas law will govern any disputes.").

Morton must show then that the choice-of-law provision is unenforceable. "To render a choice-of-law provision unenforceable, a party must satisfy the standards in Section 187(2) of the Restatement (Second) of Conflict of Laws, which provides that" the choice-of-law provision governs unless:

> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or

> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

*Cardoni v. Prosperity Bank*, 805 F.3d 573, 581 (5th Cir. 2015) (applying Texas law).

Subsection (a) does not help Morton because Pierce Partners is a Texas corporation. Thus, "[t]he parties had a reasonable basis for agreeing that Texas law would apply given that [Piece Partners] is headquartered in the state." *Id.* As to subsection (b), Morton only argues that California's maximum interest rate is 10% whereas Texas's is 28%. So according to Morton, California has a "fundamental policy" against usury. Morton also adds that the production of the movie occurred in California, and thus California has a "materially greater interest" in this dispute than Texas does. But these are all legal arguments, not factual disputes.

Morton is a citizen of Louisiana, as is DBL. Pierce Partners is a citizen of Texas. And although the movie was produced in California, the loan was

to pay for the movie's theatrical release, not its production. In short, there are no relevant *fact* disputes, much less genuine disputes as to any material fact.

Plus, as the district court noted, "Morton provides the Court with no authority suggesting that it is a fundamental policy of California to apply its usury law to a commercial loan provided by a Texas bank to a Louisiana corporation and guaranteed by a Louisiana citizen." Just because Texas's usury law is not as protective as California's does not mean that "enforcing the parties' bargain on this issue" offends California public policy. *Cardoni*, 805 F.3d at 580.

Finally, Morton argues that California law would apply in the absence of a choice-of-law provision because Morton brought a declaratory judgment action in California state court. But after that case was removed and transferred, the district court applied Texas law in accordance with the contract's forum-selection clause. *D'arbonne Bend LLC*, 2020 WL at *2 (explaining that while typically the law of the transferor court applies, an exception arises when the transfer is made to enforce a forum-selection clause).

For the reasons stated, we AFFIRM.