# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 22, 2022

Lyle W. Cayce
Clerk

No. 22-20083

Ronda L. Cormier,

*Plaintiff—Appellant*,

*versus*

Denis McDonough, *Secretary of Veterans Affairs*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-4960

Before Smith, Barksdale, and Haynes, *Circuit Judges*.

Per Curiam:*

Department of Veteran Affairs ("VA") attorney Ronda Cormier ("Cormier"), proceeding *pro se*, appeals the district court's grant of summary judgment on her discrimination-based claims. However, instead of addressing the merits of the case, she asserts only that the district court misperceived her Second Amended Complaint ("SAC"). Because Cormier

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

wholly fails to mention—much less brief—any of her claims on appeal, we AFFIRM the district court's judgment.

Cormier, an African American female attorney, worked in the Office of General Counsel for the VA Medical Center in Houston, Texas. Following a series of disputes regarding accommodations for her alleged disabilities and subsequent performance issues, Cormier filed suit against the VA, asserting Title VII disparate treatment, hostile work environment, and retaliation claims, along with claims for violations of the Rehabilitation and Privacy Acts. Cormier amended her complaint twice, but her final SAC did not include her Title VII retaliation and Rehabilitation Act claims. The district court granted summary judgment in favor of the VA on all claims, including those Cormier failed to plead in the SAC. The court explained that Cormier abandoned her previously pled Title VII retaliation and Rehabilitation Act claims by failing to include them in the live pleading. Importantly, though, the district court also ruled that even if the claims remained live, they did not survive summary judgment. Cormier timely appealed.

Cormier purports to appeal "the judgment to the extent it dismissed her case," but then she spends her entire brief arguing about whether her SAC was an amended or a supplemental complaint. She does not devote even a single sentence of her appellate briefs to the substance of her claims upon which the district court expressly ruled. Accordingly, these claims are waived. *See Willis v. Cleco Corp.*, 749 F.3d 314, 319 (5th Cir. 2014) ("A party that asserts an argument on appeal, but fails to adequately brief it, is deemed to have waived it." (quotation omitted)). Indeed, we have reiterated that a litigant may not preserve her claims by merely mentioning them—she must "*press*" them by, at the very least, "identify[ing] the relevant legal standards and any Fifth Circuit Cases." *Id.* (emphasis added) (quotation omitted). Having failed to "identify a theory as a proposed basis for deciding the

claim," or otherwise "explain, in any perceptible manner, why the facts would allow a reasonable jury to decide in [her] favor," Cormier neglected to adequately brief her claims, and they are, as noted, therefore waived. *Id.*

Cormier's lengthy discussion of her argument that the district court erred in concluding that some of her claims were abandoned by her superseding SAC does not save her appeal. Even assuming arguendo that Cormier is correct, the district court nonetheless reviewed the purportedly mooted claims on the merits of the summary judgment motion and concluded that they, too, failed to raise the requisite genuine dispute of material fact. Because the district court adjudicated all of her claims and Cormier fails to brief why this conclusion was incorrect, the appeal of the claims is waived.[1] Accordingly, we AFFIRM.

---

[1] In her reply brief, Cormier challenged the district court's failure to explain that conclusion, asserting that "[a] conclusion without reason or explanation may lead to an erroneous result." Of course, because a grant of a summary judgment is reviewed de novo, the lack of detailed reasoning does not prevent this court from affirming that decision. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 658 (5th Cir. 2012) (explaining that this court may "affirm a district court on any basis established by the record."). Even in the reply brief, Cormier did not address the merits.