# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-30045

————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2024

Lyle W. Cayce
Clerk

Charles Julien,

*Plaintiff—Appellant*,

*versus*

St. John the Baptist Parish School System,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-1081

———————————————————————

Before Jones, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Plaintiff Charles Julien appeals the granting of summary judgment for Defendant St. John the Baptist Parish School System in a Title VII retaliation claim. The district court found that the length of time between any protected action and alleged retaliatory conduct was too lengthy to sustain a causal link. We AFFIRM.

————————————————

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 24-30045

## I. Background

Charles Julien was hired as an English teacher and began coaching the boys' basketball team at East St. John High School in 2017. On October 26, 2018, the Principal and Athletic Director of East St. John High School ended Julien's tenure as basketball coach following a losing season and an investigation into potential violations of the Louisiana High School Athletic Association rules.[1]

Four days following his dismissal as coach, Julien filed a formal complaint with the School Board's Superintendent, alleging that Julien was sexually harassed by the school's Principal. This complaint was ultimately found unsubstantiated due to a lack of witnesses and evidence.

On November 26, 2018, the Superintendent reinstated Julien as basketball coach so that the boys' team could compete in the upcoming season. Beginning in April 2019, Julien faced what he considered to be retaliatory actions by the Principal and the Athletic Director in response to him filing the sexual harassment complaint.[2] These alleged retaliatory actions continued until September 2019, when, after another losing season, Julien was again removed from his position as head coach.

On June 3, 2021, Julien filed a complaint alleging, among other claims, violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, for

---

[1] The investigations included alleged violations of cash handling protocols and requiring students to practice beyond the limits imposed by the Louisiana High School Athletic Association.

[2] The alleged retaliatory actions include locking Julien's team out of gym facilities, requiring Julien to acquire additional insurance for use of the facilities, refusing to allow Julien's team to participate in "Athletic PE," and ultimately removing Julien from the head coach position.

these retaliatory actions.[3]  The district court granted summary judgment to the School System and dismissed the Title VII claim. Julien is appealing that grant and dismissal.

## II. Discussion

This court reviews the district court's grant of summary judgment *de novo*.  Summary judgment is warranted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *DePree v. Saunders*, 588 F.3d 282, 286 (5th Cir. 2009).

A *prima facie* retaliation claim under Title VII requires the claimant to show that: "(1) he engaged in an activity protected by Title VII; (2) he was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (quoting *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004)).  To establish a causal connection, the protected activity and the adverse employment action must have "very close temporal proximity." *Newbury v. City of Windcrest*, 991 F.3d 672, 679 (5th Cir. 2021) (internal quotation marks omitted).  This court has recently held that two and one-half months is not within the bounds of this "very close" temporal proximity requirement. *Besser v. Tex. Gen. Land Off.*, 834 F. App'x 876, 884–85 (5th Cir. 2020) (per curiam).

Because the length of time between the protected activity and the alleged retaliatory actions is beyond "very close" temporal proximity, Julien has failed to establish a *prima facie* retaliation claim.  Julien filed the sexual harassment complaint on October 29, 2018.  The alleged retaliatory actions

---

[3] The original complaint included additional claims that have since been dismissed and are not challenged on appeal.

occurred between May 2, 2019, and September 13, 2019, or between six to eleven months after the complaint was filed. The time between the protected act and the alleged retaliatory actions is too lengthy to sustain or infer a causal connection under this court's precedent.

Finally, the claim that Julien was transferred to another school in retaliation for filing suit is not before this court on appeal. Julien first pled this alleged retaliatory action under Louisiana state law against a joined defendant. These claims were subsequently dismissed with prejudice. The School System moved for summary judgment. Only then did Julien allege the transfer was a retaliatory action under Title VII. As this court has held, "a claim which is . . . raised only in response to a motion for summary judgment is not properly before the court." *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005). Julien did not appeal the initial dismissal of these claims, nor were they considered by the district court in granting summary judgment. Accordingly, the transfer retaliation claim is not properly before this court on appeal.

## III. Conclusion

For the foregoing reasons, summary judgment was properly granted and the district court's ruling is AFFIRMED.